## Commonwealth *v.* Kutler, Appellant.

*Criminal law—Possession and sale of obscene literature—Evidence —Agency—Admission by defendant—Absence of inducement or promise.*

In the trial of an indictment charging defendant with illegal possession and sale of obscene literature, the evidence established that

Syllabus—Assignment of Errors.    [93 Pa. Superior Ct.

the sale was made by an employee of defendant in the latter's place of business. The purchaser testified that defendant's employee told him to "fix it up" with the defendant and that several months later, the defendant reminded him of the debt. A postal inspector testified that defendant admitted he was the proprietor of the place where the goods were sold, and that he operated the business under an assumed name for the purpose of selling obscene literature and pictures.

Such evidence was sufficient for the jury to find that the employee was acting for the defendant and had authority to sell the goods and a verdict of guilty will be sustained.

The statement made by the defendant to the postal inspector was not inadmissible because no preliminary proof was given that it was voluntary. Defendant was not under arrest at the time the statement was made, and there was no evidence that the inspector disclosed his identity or that any promise was made or inducement offered.

Argued March 13, 1928. Appeal No. 86, October T., 1928, by defendant from Q. S., Philadelphia County, November T., 1926, No. 384, in the case of Commonwealth of Pennsylvania v. Leon Kutler. Before HENDERSON, TREXLER, KELLER, LINN, GAWTHROP and CUNNINGHAM, JJ. Affirmed.

Indictment charging defendant with illegal possession and sale of obscene literature. Before ROSSITER, P. J., Sixth Judicial District, Specially Presiding.

The facts are stated in the opinion of the Superior Court.

Verdict of guilty upon which judgment of sentence was passed. Defendant appealed.

*Errors assigned,* among others, were to various rulings on evidence and the charge of the court.

*Isadore Katz,* for appellant.

*John A. Boyle,* Assistant District Attorney, and with him *John Monaghan,* District Attorney, for appellee.

OPINION BY TREXLER, J., March 16, 1928:

The defendant, Leon Kutler, was charged with illegal possession and sale of obscene literature, and with the specific sale of obscene literature to one, David Dunbar. In August, 1926, two boys and two detectives went to the place where Dunbar was employed as salesman of novelties and one of the boys asked Dunbar for certain booklets. Dunbar left the shop and went to Market Street to the second floor of a building leased by Kutler, who was not there at the time. An employee named Herman was there who, at Dunbar's request, went to the third floor and returned with a package containing four dozen booklets, which he gave to Dunbar, telling Dunbar "Fix it up with Kutler." Dunbar took the books back to the place where he was employed and there sold them to one of the boys. Four months later Dunbar saw Kutler who told him "You owe me for four dozen books. We will fix it up later." Dunbar was arrested, was charged with contributing to the delinquency of the minor, pleaded guilty and testified on behalf of the Commonwealth against Kutler. December 2, 1926 a postal inspector went to Kutler's place of businss and engaged him in conversation. He testified "Mr. Kutler advised me—he told me personally that he is the proprietor of the Keystone Drug and Chemical Company; that the business of the Keystone Drug and Chemical Company consisted of just what the name implied, sending out sundry articles used in the medical world, drug supplies; that he also operated under the name of Charles D. Bershon, which, of course, is his alias; that he used the name of Bershon; that the purpose of operating under that name was to ship and sell obscene books, pictures and rubber goods; that he had been conducting that business since March of 1926.

Several of the assignments of error are directed to the admission of the declaration of Dunbar that Her-

man, who got the books from the third floor and gave them to Dunbar, stated that he should "fix it up with Kutler." The transaction occurred in Kutler's place of business. Herman was a salesman, witness stated he had seen him there seven or eight times and bought balloons and was waited on by Herman. He saw Herman there when Kutler was present. This testimony in connection with the admissions of Kutler above referred to was sufficient, if believed, for the jury to find that Herman was acting for Kutler and had authority to sell, and what passed at the time of sale was admissible and fits in with Kutler's subsequent declarations. The appellant contends that the alleged statement of Kutler to the postal inspector was inadmissible because there was no precedent proof that it was made voluntarily.

It will be observed that the postal inspector was told to narrate the conversation. Presumably he gave the gist of what occurred. The defendant's counsel did not cross-examine. The defendant was not under arrest. It does not appear that the witness disclosed who he was. There is no evidence that any promise was made or inducement offered. The remarks of Chief Justice Paxson in Commonwealth v. Clark, 130 Pa. 641, 650 are appropos—"the statement was not a confession—was made of his own free will and without either threats, or the promise of reward or benefit in the future. The law is always tender and merciful to a defendant. It will protect him against the use of a confession drawn from him by holding out inducements to make it; but when a criminal wants to ease his mind by a voluntary confession, it would be weak sentimentalism to interfere with his doing it."

The prisoner was entirely at liberty to cross-examine the witness fully as to all the circumstances in which the statement was made. Commonwealth v. Van Horn, 188 Pa. 143; Commonwealth v. Ashton, 227 Pa. 112; Commonwealth v. Cavalier, 284 Pa. 311.

The allusion of the Court in its charge to Dunbar as an accomplice did not harm the defendant. It was in his favor, as it tended to discredit a witness who testified for the Commonwealth. We find no error in the instructions as to reasonable doubt.

The Court could not instruct the jury to acquit, as there was sufficient testimony to support a verdict of guilty.

All the assignments are overruled.

The judgment is affirmed and it is ordered that the defendant appear in the lower court when called, and that he be committed by the lower court in order that he may serve such part of the sentence as has not been served.