# Commonwealth *v.* Aston, Appellant (No. 2).

*Criminal law—Murder—Evidence—Denial of accusation.*

1. When one charged with a crime is at full liberty to speak, although in custody, but remains silent, and makes no denial of the accusation by word or gesture, his silence is a circumstance to be taken into consideration by the jury.

*Criminal law—Murder—Evidence—Confession.*

2. To exclude a voluntary confession of guilt some inducement must be held out to prompt to falsehood, and of this the trial court must be the judge in the first instance. If the defendant produces witnesses who testify that the confession was not voluntarily made, the question as to whether it was voluntary is for the jury.

Submitted Jan. 3, 1910. Appeal, No. 330, Jan. T., 1910, by defendant, from judgment of O. & T. Lancaster Co., April Sessions, 1909, No. 21, on verdict of guilty of murder of the first degree in case of Commonwealth v. Benjamin Aston. Before FELL, C. J., BROWN, MESTREZAT, POTTER, ELKIN, STEWART and MOSCHZISKER, JJ. Affirmed.

Indictment for murder. Before HASSLER, J.

At the trial the court admitted under objection and exception a statement of Paul Fornwalt, a codefendant, made in the presence of the appellant while the latter was in custody. [3]

The court also admitted under objection and exception the confession of the prisoner. [4]

Defendant presented these points:

4. The confession of the defendant is not sufficient in itself to convict, unless there are such intrinsic, corroborative circumstances proved, as will when taken into connection with the confession, establish the prisoner's guilt in the minds of the jury beyond a reasonable doubt. *Answer:* This point we refuse. If the corpus delicti, that is, the crime itself, that is, the actual killing of Alfred Hallman, is proven to your satisfaction, and you believe the confessions made by the defendant that he was one of the parties who took part in the robbery, or planned the robbery, that he was at the house, and there is

no other testimony to show it, that of itself would be sufficient to convict the defendant, and that statement of his would need no corroboration to justify you in such conviction. [1]

6. Under the law, the jury cannot convict Benjamin Aston upon the testimony or confession of Paul Fornwalt, an accomplice, unless such testimony or confession is corroborated in some material points. *Answer:* This point we refuse. It is not the law in Pennsylvania that a person cannot be convicted upon the uncorroborated testimony of an accomplice, though it is the duty of the court to caution the jury that such testimony should be taken with allowance. But the question does not arise in this case, as Paul Fornwalt has not testified at all, and what he said in the presence of the defendant at the police station on February 3, and which was testified to you by Mr. Eshleman, the stenographer, does little, if anything, to connect the defendant with the offense charged, and the defendant has affirmed that some at least of what was said in that statement was true. [2]

The jury returned a verdict of guilty of murder of the first degree, upon which judgment of sentence was passed.

On a motion for a new trial HASSLER, J., filed an opinion the material portions of which were as follows:

The fourth reason is that we erred in admitting the confession of Paul Fornwalt, made in defendant's presence, because he was not present voluntarily when the Fornwalt confession was read.

It is not a question whether he was there voluntarily or not but only whether he was at full liberty to speak. In Com. v. Zorambo, 205 Pa. 109, the rule is stated, when one, charged with a crime, is at full liberty to speak but remains silent and makes no denial of the accusation by word or gesture, his silence is a circumstance to be taken into consideration by the jury. In Com. v. Johnson, 213 Pa. 607, it is decided that statements made, in the presence of one accused of crime, can be put in evidence against him, only, when his silence, under the circumstances, is ground for the inference of his assent to their correctness.

On the morning after his arrest the defendant and Paul Fornwalt were brought up to the room of the chief of police, in the police station, in this city. Fornwalt made a confession in the presence of the defendant, in which he (the defendant) was charged with having been one of the parties to conceive and commit the offense charged in this case. The defendant was at perfect liberty to speak, even though he was in custody, and he did so. In speaking, however, he did not deny the truth of what Fornwalt said, but said that what he said about the whisky was true, and then gave his version of the whole affair, which confirmed much of what had been said by Fornwalt in his presence. Under such circumstances we do not think that the objection to the admission of Fornwalt's statement can be seriously made.

The fifth reason is that we erred in admitting the defendant's confession for the reason that it was shown that said confession was not made voluntarily.

The testimony did not show that it was not, as is alleged, but, on the contrary, did show that it was made voluntarily. It is said in Fife v. Com., 29 Pa. 429, on the question of whether a confession is voluntary or not, "The true point for consideration is, whether the prisoner has falsely declared himself guilty of a capital crime: Com. v. Dillon, 4 Dall. 116. In deciding this point the chief question is, whether the inducement held out was calculated to make the confession an untrue one. If not, it will be admissible: Wh. C. L. 318; Arch. C. P. (9th ed.) 110; 2 Rus. C. L. 845; Rex v. Thomas, 7 C. & P. 345. This is a question of fact to be determined, in the first instance, by the court." This is followed in Com. v. Johnson, 162 Pa. 63, and in Com. v. Johnson, 217 Pa. 77, in both of which it is said, "To exclude a voluntary confession of guilt, some inducement must be held out to prompt to falsehood, and of this the trial court must be the judge in the first instance."

The defendant said he was intoxicated the night he was arrested. Several witnesses contradict him. He says he felt pretty bad and nervous next morning. He said he did not recollect making a statement in the evening, but does remember that he made one the next morning, and admits that he

said some of the things which appear in the latter statement, but that, if he did state all that is contained in it, it was not true.   Both statements agree in all particulars, though the one made in the morning was more full.   There was no evidence to show that any threat or inducement was made to lead him to make a false confession.   On the other hand, it was testified that none had been, but that the confessions were voluntary, and, in addition, he was told in the evening, that no one present had any authority to hold out to him any promise that he would not have to suffer the penalty for his connection with the affair.   He hesitated a moment, and then made a statement of his connection with it, and followed it up the next morning with another to the same effect, stating some things that were omitted in the one of the evening before.

In passing upon the admissibility of a confession, when it is alleged not to have been made voluntarily, the court only hears the commonwealth's witnesses, though the defendant may cross-examine them.   If, by them, it is shown, as it was shown here, that it was made voluntarily, without such threat or inducement as might secure a false confession, it must be admitted.   If afterwards the defendant testifies, or produces other witnesses who testify, that it was not voluntarily made, it becomes a question for the jury, and the court must tell the jury that they must reject it if they do not believe, from all the testimony, that it was made voluntarily: Com. v. Shew, 190 Pa. 23; Com. v. Epps, 193 Pa. 512.   This we did, following these cases to the letter.

*Errors assigned* were (1, 2) above instructions, quoting them; (3, 4) rulings on evidence, quoting the bill of exceptions.

*E. M. Gilbert* and *M. G. Schaeffer*, for appellant.

*J. W. Johnson*, district attorney, *B. C. Atlee* and *Sumner V. Hosterman*, assistant district attorney, for appellee.

Opinion by Mr. Justice Elkin, February 14, 1910:
The assignments of error are without any substantial merit

under the facts developed at the trial. All of the questions raised by this appeal were fully considered and properly disposed of by the learned trial judge upon the motion for a new trial. The opinion filed when the motion for a new trial was refused amply sustains the correctness of every ruling made and principle of law laid down during the course of the trial. We can add nothing of value by further discussion of the same questions raised here. As to the confession of the defendant, as well as the confession of Paul Fornwalt, and whether they were made voluntarily, or whether appellant was voluntarily present when Fornwalt made his statement, the reasons given by the court below in the opinion filed fully and convincingly sustain every position taken by the trial judge about which complaint is made. The appellant had a fair and impartial trial under the law, and no unbiased person who reads this record can have any doubt that the verdict was rendered in accordance with the evidence.

Assignments of error overruled, judgment affirmed and record remitted to the court of oyer and terminer of Lancaster county for the purpose of execution.