## Commonwealth *v.* Lisowski, Appellant.

*Criminal law—Murder—Evidence—Declarations of a child five years old—Silence of defendant—Res gestæ.*

1. The incompetency of a child less than five years old to testify in a murder trial, does not preclude evidence as to her declarations made after the homicide, where they were heard by defendant and not denied by him, and this is the case although the declarations were not a part of the res gestæ.

*Criminal law—Murder—Evidence as to previous offense—Act of March 15, 1911, P. L. 20.*

2. Where defendant in a murder trial produces evidence that he was a peaceable and law abiding citizen, and in his own evidence denies the commission of any previous offense of like character, the Commonwealth may show that he had previously been convicted of assault and battery.

*Criminal law—Murder—Evidence—Killing by assault with fists and feet—Charge—Reference to use of deadly weapon.*

3. On a murder trial where the evidence shows that defendant killed his wife by assault with fists and feet, a reference in the charge as to the effect of the use of a deadly weapon, is not ground for reversal, where it appears such reference had no application, and that it benefited rather than harmed defendant.

*Criminal law—Murder—Motive—Evidence.*

4. The proof of any motive for the taking of a life of another is not requisite to convict, where the actual intentional killing appears beyond any reasonable doubt.

*Appeals—Assignment of error—Criminal law — Murder — Sentence.*

5. On an appeal in a murder case, the sentence, which constitutes the final judgment of the court, is an essential assignment of error.

Argued March 27, 1922.   Appeal, No. 384, Jan. T., 1922, by defendant, from judgment of O. & T. Schuylkill Co., Nov. T., 1921, No. 1081, on verdict of guilty of murder of the first degree, in case of Commonwealth v. Henry K. Lisowski.   Before MOSCHZISKER, C. J., FRAZER, WALLING, SIMPSON and SADLER, JJ.   Affirmed.

Indictment for murder.   Before BECHTEL, P. J.

The opinion of the Supreme Court states the facts.

Verdict of guilty of murder of the first degree upon which judgment of sentence was passed.   Defendant appealed.

Appellant avers in his printed argument that the statements of the four-year-old child commented on in the opinion of the Supreme Court, "were made at the place of the affray about two hours after it was over and about three hours after the specific occurrences of which she spoke."

*Errors assigned,* inter alia, were various rulings and instructions appearing by the opinion of the Supreme Court, quoting record.

*John B. McGurl,* with him *Thomas A. McCarthy,* for appellant.—The declarations of the child were incompetent: Com. v. Werntz, 161 Pa. 591; Coll v. Transit Co., 180 Pa. 618; Shadowski v. Rys., 226 Pa. 537; Keefer v. Life Ins. Co., 201 Pa. 448; McIlhenny v. Baker, 63 Pa.

Superior Ct. 385; Campbell v. Brandywine S. K. & F. Co., 60 Pa. Superior Ct. 209.

Testimony as to defendant's previous conviction was improper: Com. v. Garanchoskie, 251 Pa. 247; Mansfield Coal Co. v. McEnery, 91 Pa. 185; Miller v. Miller, 187 Pa. 572; Com. v. Croson, 243 Pa. 19.

*Cyrus M. Palmer,* District Attorney, with him *Morris H. Spicker,* Assistant District Attorney, for appellee, cited as to the competency of the declarations: Com. v. Zorambo, 205 Pa. 109; Com. v. Johnson, 213 Pa. 607; Com. v. Aston, 227 Pa. 112.

OPINION BY MR. JUSTICE SADLER, April 17, 1922:

Defendant has been convicted of the murder of his wife by assaulting her, for a period of forty minutes, with his hands and feet; as a result of which her body was covered with bruises, and, from the effects of the blows received, death followed. It appeared that Lisowski had been drinking heavily, commencing in the early morning. With the deceased, he visited friends later in the day, continuing to use intoxicants. When they returned towards evening, he asked her for the key to the closet where liquor was kept, as well as for certain funds in her possession. The refusal to comply with the demand ended in the attack, made in the presence of the daughter, under five years of age, who attempted to interfere, as did neighbors, attracted by the noise. Within a short time defendant was arrested by the state police, who had been summoned. He was indicted, and the trial following terminated in a verdict of first degree murder. An examination of the evidence leads to the belief that a proper result was reached, and, unless some legal error appears which can be said to have prejudiced defendant, the judgment entered should be sustained.

The complaints made fall into certain general classes. Assignments one and two are directed to the admission of proof of statements of the daughter, made in the

presence of defendant and the police, while the body of the mother was lying upon the floor. These declarations of the child, as to the occurrences which had taken place, were not contradicted by him. It is insisted, however, that since she, because of tender years, could not have testified as a witness on the trial, her assertion was not receivable in evidence, though heard by defendant and not denied by him. The period of time intervening from the murder to the making of the statements was such as to negative the idea that they were part of the res gestæ, but the accusations of the eyewitness were not contradicted, and the silence of the father, when so charged, was a circumstance to be taken into consideration by the jury: Com. v. Aston, 227 Pa. 112; Com. v. Johnson, 213 Pa. 607. The narration was not in the course of a judicial proceeding, where the defendant might not reply without injury to himself, as in Com. v. Zorambo, 205 Pa. 109, but occurred immediately after the murder, when the falsity of the statements would naturally be insisted upon if, in fact, they were untrue. The incompetency of the child to testify generally does not change the situation, and we see no error in admitting the testimony.

Again, it is insisted the Commonwealth was improperly permitted to prove by a justice of the peace, in rebuttal of evidence given by defendant, that he previously had been found guilty of assault and battery. No objection was made to the testimony on the ground that the record of the former conviction was not presented, but the complaint was based on the fact that any evidence was allowed which showed the guilt of another and independent offense. It is true that the Act of March 15, 1911, P. L. 20, passed evidently to meet the ruling of this court in Com. v. Racco, 225 Pa. 113, forbids inquiry as to prior wrongdoing. It provides, in part, as follows: "Any person charged with any crime, and called as a witness in his own behalf, shall not be asked, and, if asked, shall not be required to answer, any question tending to show

that he has committed, or been charged with, or been convicted of any offense other than the one wherewith he shall then be charged, or tending to show that he has been of bad character or reputation." This legislative rule is subject, however, to certain exceptions. No such restriction is made where the defendant testifies on his own behalf as to his good reputation, or calls character witnesses to establish this fact. Here, defendant did produce evidence to show he was a peaceable and law-abiding citizen, and was examined himself with a view of establishing this fact, explicitly denying the commission of any previous offense of like character. The right to prove in rebuttal the untruth of the statement made, thus affecting the credibility of the witness, is impliedly recognized in Com. v. Garanchoskie, 251 Pa. 247, and it has been held no reversible error is committed in permitting the district attorney to so examine, where the door has been opened for such inquiry by the defendant: Com. v. Emery, 273 Pa. 517. It is true, the time of the alleged previous assault was not stated in the questions asked, as it should have been (cf. Com. v. White, 271 Pa. 584, 587-9), but this was not made the matter of objection by defendant. The third, fourth and fifth assignments cannot therefore be sustained.

Defendant further claims (error six) he was prejudiced by the charge of the court, in which the effect of the use of a deadly weapon was set forth. In that portion of the instructions objected to, there was repeated the language which appears in Com. v. Drum, 58 Pa. 9. In the present case, the deceased was killed by an assault with the fists and feet of defendant, and the reference to the use of deadly instruments had no application, but we cannot say that he was in any way injured by this statement; on the contrary, the jury would have been more likely to believe, if there was no weapon used, defendant was not guilty of murder of the first degree.

Complaint is also made by assignment seven of a portion of the charge which related to the proof of intoxi-

cation as affecting the finding of a verdict of murder of the first degree. A reading of the instructions as a whole, and of the points of defendant, all of which were affirmed, with the exception of the eleventh and twelfth, shows no reversible error. The contention of the accused, and the legal principles controlling were fairly set forth. Nor can we see that defendant was harmed by the refusal to affirm the requests referred to, upon which the eighth and ninth assignments are based, where the court was asked to advise the jury that the absence of a motive to kill should be taken into consideration in determining whether defendant was intoxicated at the time of the killing, it being urged the lack thereof was an indication no sober person would commit a crime such as was charged.

The proof of any reason for the taking of a life of another is not requisite to convict, when the actual intentional killing appears beyond any reasonable doubt; and, the effect of the absence of motive as showing a disturbed mental condition, a question raised in Com. v. Buccieri, 153 Pa. 535, relied upon by appellant, need not be discussed here, since the points presented assumed this fact, which was not supported by the evidence. The testimony indicated the assault was occasioned by the failure of the wife to give the whiskey, as well as the money, demanded by defendant. We can see no merit in any of the complaints made.

No assignment of error seems to have been filed to the sentence imposed, which constitutes the final judgment of the court; notwithstanding, we have examined with care all of the evidence produced at the trial, and agree that every element necessary to justify a verdict of murder of the first degree appears.

The assignments of error are all overruled; the appeal is dismissed, and the record is remitted for the purpose of execution.