## Commonwealth *v.* Sam Beati and Frank Burrell, Appellants.

*Criminal law—Sodomy—Evidence—Case for jury.*

In the trial of an indictment for sodomy, the case is for the jury and a conviction will be sustained, although the witness who testified as to the details of the crime was of a low order of intelligence, and under a vigorous cross-examination made certain contradictions in her narrative.

Where the evidence, if believed, was sufficient to sustain the verdict, the trial judge would not be justified in taking the case from the jury.

Silence when the accused was charged with the crime was a circumstance to be considered by the jury, and evidence thereof is admissible.

Argued October 22, 1925. Appeal Nos. 301-302 October T., 1925, by defendants, from judgment of O. & T. Schuylkill County, May T., 1925, Nos. 447 P. and 447 T, in the case of Commonwealth v. Sam Beati, and Frank Burrell. Before ORLADY, P. J., PORTER, HENDERSON, TREXLER, KELLER, LINN and GAWTHROP, JJ. Affirmed.

Indictment for sodomy. Before BECHTEL, P. J.

The facts are stated in the opinion of the Superior Court.

Verdict of guilty on which judgment of sentence was passed. Defendants appealed.

568 COM. *v.* SAM BEATI and FRANK BURRELL, Appels.

*Errors assigned,* among others, were various rulings on evidence, answers to points, and the judgment of the Court.

*G. H. Gerber,* and with him *A. D. Knittle,* for appellants.

*Morris H. Spicker,* Asst. District Attorney, and with him *Z. F. Rynkiewicz,* Asst. District Attorney, and *Cyrus M. Palmer,* District Attorney, for appellee.

OPINION BY TREXLER, J., December 14, 1925:

When the little girl was brought to the police station and told her story in the presence of the defendants, and accused them of the crime of which they are charged, they said nothing. The proof of their silence under these circumstances was competent. The occurrence was not in the course of a judicial proceeding. Silence when the accused was charged with the crime was a circumstance to be considered by the jury. Com. v. Lisowski, 274 Pa. 222; Com. v. Ashton, 227 Pa. 112.

The objection that there was not sufficient evidence to convict can not be sustained. It is true that the witness who testified to the details of the crime was of a low order of intelligence and that under a rather protracted and vigorous cross-examination there was contradiction in her narrative but as to the gist of her story she gave a fairly coherent account. As pointed out by the lower court, it was very improbable that she could invent the story and there was apparently no motive for her so doing.

Counsel argues that the witness swore to facts which common experience brands as impossible. We do not so read the testimony. The court very properly left the matter to the jury, with instructions they should determine what thought the witness intended to convey.

We have for very obvious reasons abstained from

any review of the testimony. We find no merit in any of the assignments. The judgments are affirmed and the record remitted to the court below and it is ordered that the defendants appear in the court below at such time as they may be there called and that they be by that court in each case committed until they have complied with the sentences or any part of them which had not been performed at the time the appeals in this case were made a supersedeas.