412 A.2d 549

**COMMONWEALTH of Pennsylvania**

v.

**Estie MOORE, Appellant.**

Supreme Court of Pennsylvania.

Argued Jan. 25, 1980.

Decided March 20, 1980.

362

David Kanner, Philadelphia, for appellant.

Robert B. Lawler, Chief, Appeals Division, Andrew B. Cohn, Philadelphia, for appellee.

Before EAGEN, C. J., and O'BRIEN, ROBERTS, NIX, LARSEN and FLAHERTY, JJ.

## OPINION OF THE COURT

ROBERTS, Justice.

Appellant, Estie Moore, was convicted by a court sitting without a jury of murder of the third degree and sentenced to a term of three to ten years imprisonment. On appeal to this Court, appellant contends that the evidence establishes only that appellant and the victim were involved in a fistfight and thus is insufficient to support a conviction of murder of the third degree. We disagree and affirm judgment of sentence.*

Appellant's sufficiency claim relies on the basic principle, reflected by cases of this Court, that:

* Appellant also claims that a statement he gave police should not have been admitted at trial. We have reviewed this claim and conclude it is without merit. See *Commonwealth v. O'Bryant*, 479 Pa. 534, 388 A.2d 1059, cert. denied, 439 U.S. 990, 99 S.Ct. 589, 58 L.Ed.2d 664 (1978); *Commonwealth v. Stafford*, 451 Pa. 95, 301 A.2d 600 (1973). So too, we have considered and reject appellant's additional contention that the sentencing court imposed an excessive sentence. See 18 Pa.C.S. §§ 2502(c) & 1103(1); *Commonwealth v. Knight*, 479 Pa. 209, 387 A.2d 1297 (1978); *Commonwealth v. Kostka*, 475 Pa. 85, 379 A.2d 884 (1977); *Commonwealth v. Riggins*, 474 Pa. 115, 377 A.2d 140 (1977) (plurality opinion).

"Every death resulting from a fist fight does not constitute murder in the second [(now third)] degree. Conviction of murder in the second degree requires clear evidence of malice."

*Commonwealth v. Buzard*, 365 Pa. 511, 516–17, 76 A.2d 394, 396 (1950). According to appellant, Commonwealth evidence here fails sufficiently to demonstrate malice on the part of appellant. In appellant's view, the record reveals that he merely responded to the attack of the victim, who allegedly was swinging a clawhammer.

Appellant's argument is based on his view of selected portions of the record and fails to give recognition to the record as a whole. This, of course, is not our standard for reviewing claims of insufficient evidence. As this Court so often has stated, the test is:

"[W]hether, viewing all of the evidence admitted at trial in the light most favorable to the Commonwealth and drawing all reasonable inferences favorable to the Commonwealth, there is sufficient evidence to enable the trier of fact to find every element of the crime beyond a reasonable doubt."

*Commonwealth v. Bastone*, 466 Pa. 548, 552, 353 A.2d 827, 829 (1976). Accord, e. g., *Commonwealth v. Kichline*, 468 Pa. 265, 271, 361 A.2d 282, 285–86 (1976).

■ Properly viewed, the record is clear that the factfinder could conclude, beyond a reasonable doubt, that appellant acted maliciously in causing the victim's death. Whether malice may be inferred where only fists are used

"must depend on the particular circumstances. See *Re Carlson's License*, 127 Pa. 330, 18 A. 8; *Smith v. Com.*, 100 Pa. 324. The size of the assailant, the manner in which the fists are used, the ferocity of the attack and its duration and the provocation are all relevant to the question of malice. See *Com. v. Blakeley*, 274 Pa. 100, 105, 117 A. 685; *Com. v. Guida*, 298 Pa. 370, 148 A. 501; *Com. v. Lisowski*, 274 Pa. 222, 117 A. 794."

*Commonwealth v. Dorazio*, 365 Pa. 291, 300, 74 A.2d 125, 130 (1950). Accord, *Commonwealth v. Buzard*, supra, 365 Pa. at

516, 76 A.2d at 396. Here, although by his own testimony and the testimony of his witness, appellant claims he merely responded to the victim's attack, the "particular circumstances" of this record manifestly allow the factfinder to reject appellant's claim and draw an inference of malice. Appellant, 6'2" and 175–180 pounds, is some 8" taller and twenty pounds heavier than the victim. Commonwealth medical testimony establishes that the victim suffered extensive surface injuries on the right side of his face and head, as well as internal bleeding and swelling of the brain. The victim also suffered numerous fractures of the ribs and hemorrhaging in the area of the kidney and spleen. Appellant, on the other hand, incurred only an abrasion of the hand. A Commonwealth eyewitness, in describing the concluding portion of the so-called "fist fight," testified that appellant hit the victim on the shoulders. As appellant did so, the victim "wasn't able to do anything. He was just like crumbling. He was like crumbling to the ground." Appellant "kind of braced [the victim] up and then he was coming down on his shoulders again."

In *Commonwealth v. Buzard,* supra, this Court rejected a claim of insufficient evidence on analogous facts. There, the victim and the defendant met on a street and began to argue over an alleged debt of the victim. The defendant testified that the victim, about 8" shorter and forty-five pounds lighter than the defendant, eventually struck at the defendant, partly knocking the defendant's glasses off his face. The defendant then began to beat the victim. Three Commonwealth witnesses testified that the defendant grabbed the victim, threw him to the ground, and struck the victim in the head from five to eight times. The defendant so struck the victim even after a witness urged him to stop after two blows.

In sustaining the sufficiency of the evidence, this Court summarized the evidence as follows:

> "We therefore have presented a situation where a large, powerful individual, without justifiable cause, was astride the back of a small, weak man who was prone and

defenseless, and administered a beating with his fists with such violence and severity that the victim was killed." *Buzard*, 365 Pa. at 515, 76 A.2d at 396. This "is abundant evidence of defendant's intent to do the victim great bodily harm. The testimony discloses a measure of depravity and hardness of heart, recklessness of consequences and a mind which imports malice." 365 Pa. at 517, 76 A.2d at 396. Although the sequence of events here of course is different, the medical and eyewitness testimony presented, establishing that a person over one-half foot taller and twenty pounds heavier than the victim administered a severe beating even after the victim was rendered helpless, equally presents a case from which malice can be inferred. Appellant's contention to the contrary must be rejected.

Judgment of sentence affirmed.