629 A.2d 166

**COMMONWEALTH of Pennsylvania,**

v.

**George MacARTHUR, Appellant.**

Superior Court of Pennsylvania.

Argued May 20, 1993.

Filed Aug. 9, 1993.

410

Stanton M. Lacks, Bensalem, for appellant.

Norman Gross, Asst. Dist. Atty., Philadelphia, for Comm., appellee.

Before WIEAND, CIRILLO and HOFFMAN, JJ.

CIRILLO, Judge:

This is an appeal from a judgment of sentence entered in the Court of Common Pleas of Philadelphia County. We reverse.

■ Following a bench trial before the Honorable Lisa A. Richette, Appellant George MacArthur was convicted of third-degree murder. MacArthur was acquitted of both involuntary manslaughter and voluntary manslaughter.[1] Post-trial mo-

---

1. A defendant is acquitted when the ruling of the judge represents a resolution in the defendant's favor, correct or not, of some or all of the factual elements of the offense charged. Contrary to the view of our respected colleague, reducing the degree of homicide from third-degree murder to involuntary manslaughter circumvents the principles of double jeopardy, in particular the plea of *autrefoi acquit*. *See Illinois v. Vitale*, 447 U.S. 410, 100 S.Ct. 2260, 65 L.Ed.2d 228 (1980); *See also Commonwealth v. Goldhammer*, 507 Pa. 236, 247–48, n. 4, 489 A.2d 1307, 1313, n. 4 (1985) (double jeopardy protection afforded by the United States Constitution has been interpreted as coextensive with the

tions were filed, heard and denied. MacArthur was sentenced to imprisonment for a period of not less than three (3) years nor more than six (6) years.[2] The court denied bail pending appeal and newly retained counsel timely filed this appeal. MacArthur raises the following issues:

1. Whether the Commonwealth failed to prove MacArthur guilty of murder in the third degree beyond a reasonable doubt?

2. Whether the verdict of third degree murder was against the weight of the evidence?

3. Whether the trial court's demonstrated pre-disposition in favor of the Commonwealth's case denied MacArthur a fair trial and due process.

4. Whether the trial court gave insufficient consideration to the testimony of sixteen character witnesses whose testimony in and of itself was sufficient to raise reasonable doubt as to MacArthur's guilt of third degree murder?

5. Whether trial counsel rendered ineffective assistance in not presenting available medical evidence for the defense which would have precluded a verdict of third degree murder?

■ When reviewing a challenge to the sufficiency of the evidence, we must determine whether, viewing the evidence in the light most favorable to the Commonwealth as verdict winner, and granting the Commonwealth all reasonable inferences deducible therefrom, the evidence is sufficient to establish all the elements of the offenses beyond a reasonable doubt. *Commonwealth v. Bricker*, 525 Pa. 362, 581 A.2d 147 (1990).

protection afforded by Article I, Section 10 of the Pennsylvania Constitution), *reversed on other grounds, Pennsylvania v. Goldhammer*, 474 U.S. 28, 106 S.Ct. 353, 88 L.Ed.2d 183 (1985); *Commonwealth v. Labelle*, 397 Pa.Super. 179, 185 n. 1, 579 A.2d 1315, 1319 n. 1 (1990).

**2.** Third-degree murder is a felony of the first degree. 18 Pa.C.S. § 2502(c). A person convicted of a felony of the first degree may be sentenced to imprisonment for a term which shall be fixed by the court at not more than 20 years. 18 Pa.C.S. § 1103.

Third-degree murder is defined in the Crimes Code as "all other kinds of murder" other than first degree murder or second degree murder. 18 Pa.C.S. § 2502(c). The elements of third-degree murder, as developed by case law, are a killing done with legal malice. *Commonwealth v. Pitts*, 486 Pa. 212, 404 A.2d 1305 (1979). Malice, express or implied, is an essential element of murder, *Commonwealth v. Commander*, 436 Pa. 532, 260 A.2d 773 (1970), and is the distinguishing factor between murder and the lesser degrees of homicide. *Commonwealth v. Culmer*, 463 Pa. 189, 344 A.2d 487 (1975).

The traditional definition of malice was set forth in *Commonwealth v. Drum*, 58 Pa. 9 (1868):

Malice is a legal term, implying much more. It comprehends not only a particular ill-will, but every case where there is wickedness of disposition, hardness of heart, cruelty, recklessness of consequences, and a mind regardless of social duty, although a particular person may not be intended to be injured. Murder, therefore, at common law embraces cases where no intent to kill existed, but where the state or frame of mind termed malice, in its legal sense, prevailed.

*Id.* at 15. *See also Commonwealth v. Hilbert*, 476 Pa. 288, 382 A.2d 724 (1978); *Commonwealth v. Polimeni*, 474 Pa. 430, 378 A.2d 1189 (1977); *Commonwealth v. Green*, 464 Pa. 557, 347 A.2d 682 (1975).

In *Commonwealth v. Malone*, 354 Pa. 180, 47 A.2d 445 (1946), the Pennsylvania Supreme Court clarified the concept of malice:

When an individual commits an act of gross recklessness for which he must reasonably anticipate that death to another is likely to result, he exhibits that "wickedness of disposition, hardness of heart, cruelty, recklessness of consequences, and a mind of social duty" which proved that there was at that time in him "the state or frame of mind termed malice."

*Id.* at 183, 47 A.2d at 447 (quoting *Commonwealth v. Drum*, supra.).

■ In the instant case, the trial court determined that the evidence presented established implied malice. The question we must decide is whether, after reviewing the record in the light most favorable to the Commonwealth and granting all reasonable inferences in favor of the Commonwealth, a malicious killing was established.

The facts are as follows: On the evening of December 12, 1991, at approximately 8:15 p.m., MacArthur, who was 49 years old and walked with a cane due to a permanent foot injury, was returning to his house after walking his dog. The decedent, Frederick Phelan, who was 54 years old and physically larger than MacArthur, confronted MacArthur as he returned home from walking the dog. The two men were neighbors who had had several verbal exchanges in the past over minor matters without physical confrontation.

On the evening in question, Phelan was apparently angry because MacArthur's dog had urinated on his lawn. A physical confrontation ensued and the two men tangled on Phelan's porch. MacArthur pushed the bigger man away. Phelan lost his balance, somersaulted backwards over a railing, fell down five steps and landed on the back of his neck.

An emergency medical unit transported Phelan to Northeastern Hospital where he was pronounced dead at 10:00 a.m. on December 13, 1991. The cause of death was head and neck injuries, consistent with the victim's fall.

The narrow issue presented by this case is whether proof of MacArthur's single push causing Phelan to fall and suffer fatal injuries was sufficient to support a finding of malice, an element of the crime of third-degree murder.

■ Malice may not be inferred simply from the fact that a person "performed a certain act and that act brought about the death of another." *Commonwealth v. Reilly*, 519 Pa. 550, 549 A.2d 503 (1988). The case law is clear that a single blow, without a weapon, is, ordinarily, not sufficient to establish malice. *Commonwealth v. Moore*, 488 Pa. 361, 412 A.2d 549 (1980); *Commonwealth v. Buzard*, 365 Pa. 511, 76 A.2d 394 (1950); *Commonwealth v. Dorazio*, 365 Pa. 291, 74 A.2d 125

(1950). Whether malice may be inferred where only fists are used must depend on the particular circumstances of the case, such as the assailant's size, the manner in which the fists are used, the ferocity and duration of the attack, and provocation, if any. *Moore, supra.*

In *Commonwealth v. Stehley,* 350 Pa.Super. 311, 504 A.2d 854 (1986), this court found the defendant was not guilty of murder but guilty of involuntary manslaughter where he shoved a sixty-two year old man over a porch railing so that he hit the ground head first four feet below and died. In the recent case of *Commonwealth v. Thomas,* 527 Pa. 511, 594 A.2d 300 (1991), the Pennsylvania Supreme Court held that proof of defendant's single punch to victim's face was insufficient to support finding of malice required for third-degree murder conviction, even though victim's chronically stiff neck which made it difficult for him to turn his head was readily apparent and had been a topic of conversation at gathering where defendant was present, the assault was unexpected, the punch was delivered from victim's "blind side," and the victim was intoxicated.

In the instant case, the injury was the tragic but improbable result of a single push. As in *Stehley* and *Thomas,* there is nothing in the record here which would support an inference of malice leading to a verdict of murder in the third degree. *Cf. Dorazio,* 365 Pa. at 299–300, 74 A.2d at 129 ("Ordinarily where an assault is made with bare fists only, without a deadly weapon, and death results there would only be manslaughter.... [W]here the assault is not committed with a deadly weapon, the intent must be clearly felonious, or the death will subject [the defendant] only the charge of manslaughter.") The uncontroverted evidence simply does not warrant the inference of legal malice which was justified in *Moore, Buzard* and *Dorazio, supra,* by brutal prolonged, ferocious assaults carried out by larger, more powerful assailants.

We conclude, therefore, that the Commonwealth's evidence was insufficient to prove malice. Consequently, the evidence was insufficient to prove beyond a reasonable doubt that MacArthur was guilty of murder in the third degree. *Com-*

*monwealth v. Young,* 494 Pa. 224, 431 A.2d 230 (1981); *Commonwealth v. Pitts, supra.; Commonwealth v. Commander, supra.*

Accordingly, we reverse the judgment of sentence.

WIEAND, J., files a concurring and dissenting Opinion.

WIEAND, Judge, concurring and dissenting:

I concur in the majority's holding that the evidence was insufficient to show a malicious killing. The trial court's finding that appellant was guilty of murder of the third degree, therefore, cannot stand. Because involuntary manslaughter is a lesser included offense of murder, see: *Commonwealth v. Polimeni,* 474 Pa. 430, 378 A.2d 1189 (1977), however, and because the trial court's findings indicate that the degree of homicide in this case was involuntary manslaughter, I would reduce appellant's offense to involuntary manslaughter and remand for resentencing.

This would not be contrary to principles of double jeopardy. Both the evidence and the trial court's findings make it eminently clear that appellant was guilty of a criminal homicide. The trial court determined that appellant was guilty of murder of the third degree and not guilty of involuntary manslaughter. Because involuntary manslaughter is merely a less culpable degree of homicide than murder of the third degree, the trial court's finding of murder in the third degree was not equivalent to an acquittal of involuntary manslaughter. It was merely a finding that the degree of defendant's culpability was greater than that required by the offense of involuntary manslaughter.

The trial court's finding was incorrect. A majority of this Court has determined (and I agree) that the evidence was insufficient to support a finding of murder of the third degree. The evidence upon which the trial court based its verdict demonstrated not a killing with malice but a killing which was a direct result of reckless or grossly negligent conduct. See: 18 Pa.C.S. § 2504(a). Therefore, a reviewing court, without violating principles of double jeopardy, can reduce appellant's

degree of guilt from murder of the third degree to involuntary manslaughter.