J-S65006-14

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
|---|---|
| Appellee | |
| v. | |
| MICHAEL ELLIOTT | |
| Appellant | No. 2064 EDA 2013 |

Appeal from the Judgment of Sentence Entered March 5, 2013
In the Court of Common Pleas of Philadelphia County
Criminal Division at No(s): CP-51-CR-0005442-2010

BEFORE: PANELLA, J., OLSON, J., and PLATT, J.[*]

MEMORANDUM BY PANELLA, J.                **FILED DECEMBER 15, 2014**

Appellant, Michael Elliott, appeals from the judgment of sentence

entered March 5, 2013, by the Honorable Lillian Harris Ransom, Court of

Common Pleas of Philadelphia County. We affirm.

The trial court summarized the facts of this case as follows.

> These charges arose out of an incident that occurred on
> April 7, 2010, at approximately 2:00 AM. Earlier that morning,
> the decedent, Rachel Marcelis ("Marcelis")[,] and her friend, Gina
> Fehr ("Fehr")[,] were sitting in Fehr's car smoking marijuana,
> outside at Fat Pete's Bar in Northeast Philadelphia. As they were
> smoking, Fehr's boyfriend, David DiPersio ("DiPersio")[,] and
> [Elliott] came to the car and began chatting with Fehr and
> Marcelis. DiPersio and [Elliott] got into Fehr's car and sat in the
> driver's seat and passenger[']s seat, respectively. Fehr then sat
> on DiPersio's lap while Marcelis sat leaning against the
> dashboard of the car on [Elliott's] lap, with the doors open. The

_____

[*] Retired Senior Judge assigned to the Superior Court.

four (4) individuals smoked marijuana and as they did, [Elliott] pulled out a gun. Fehr asked [Elliott] to put the gun away and [Elliott] stated that he was licensed to carry. [Elliott] then removed the clip from the gun and the gun was fired. Marcelis was hit with one (1) bullet to the chest and immediately asked the others to call [911]. After seeing Marcelis hit, [Elliott] got out of the car, causing Marcelis to fall into the street, and ran to his mother's house at 6123 Hegerman Street in Wissinoming. Upon arriving at his mother's house, [Elliott] went to the basement and changed his clothes. [Elliott] then came upstairs where he spoke with his mother before Police Officers Andre Hudgens ("Hudgens") and Ashley Johnson ("Johnson") arrived. Hudgens and Johnson questioned [Elliott] regarding the incident at his mother's house and then transported [him] to the Homicide Unit.

Medics responded to the [911] call and Marcelis was transported to the Aria Health – Frankford Campus [where she was later pronounced dead].

Trial Court Opinion, 11/27/13 at 2-3.

On January 17, 2013, a jury convicted Elliott of third degree murder,[1] possessing a firearm without a license,[2] and carrying a firearm on a public street in Philadelphia.[3] On March 5, 2013, the trial court sentenced Elliott to an aggregate term of 15 to 30 years' imprisonment. Elliott filed a post-sentence motion for reconsideration of sentence, which was denied by operation of law. This timely appeal followed. Both Elliott and the trial court have complied with Pa.R.A.P. 1925(a) and (b).

On appeal, Elliott challenges both the sufficiency and weight of the evidence in support of his conviction of third degree murder. Regarding

---

[1] 18 Pa.C.S.A. § 2502(c).
[2] 18 Pa.C.S.A. § 6106.
[3] 18 Pa.C.S.A. § 6108.

Elliott's challenge to the weight of the evidence, we note that "a weight of the evidence claim must be preserved either in a post-sentence motion, by a written motion before sentencing, or orally prior to sentencing." *Commonwealth v. Thomson*, 93 A.3d 478, 490 (Pa. Super. 2014) (citing Pa.R.Crim.P. 607). Failure to do so will result in waiver of the claim on appeal. *See id*.

Instantly, Elliott failed to raise a challenge to the weight of the evidence to support his conviction either at sentencing or in his post-sentence motion for reconsideration of sentence filed March 15, 2013. Therefore, this claim is waived.

We proceed to examine Elliott's remaining claim on appeal. When determining if evidence is sufficient to sustain a conviction, our standard of review is well-settled.

> A claim challenging the sufficiency of the evidence is a question of law. Evidence will be deemed sufficient to support the verdict when it establishes each material element of the crime charged and the commission thereof by the accused, beyond a reasonable doubt. Where the evidence offered to support the verdict is in contradiction to the physical facts, in contravention to human experience and the laws of nature, then the evidence is insufficient as a matter of law. When reviewing a sufficiency claim the court is required to view the evidence in the light most favorable to the verdict winner giving the prosecution the benefit of all reasonable inferences to be drawn from the evidence.

*Commonwealth v. Kendricks*, 30 A.3d 499, 508 (Pa. Super. 2011) (citation omitted).

> The evidence established at trial need not preclude every possibility of innocence and the fact-finder is free to believe all,

part, or none of the evidence presented. It is not within the province of this Court to re-weigh the evidence and substitute our judgment for that of the fact-finder. The Commonwealth's burden may be met by wholly circumstantial evidence and any doubt about the defendant's guilt is to be resolved by the fact finder unless the evidence is so weak and inconclusive that, as a matter of law, no probability of fact can be drawn from the combined circumstances.

*Commonwealth v. Stokes*, 38 A.3d 846, 853 (Pa. Super. 2011) (quoting

*Commonwealth v. Mobley*, 14 A.3d 887, 889-890 (Pa. Super. 2011)).

"[T]he entire record must be evaluated and all evidence actually received

must be considered." *Stokes*, 38 A.3d at 854 (citation omitted).

Third degree murder is defined as all other murders that are not first

or second degree murder:

Third degree murder occurs when a person commits a killing which is neither intentional nor committed during the perpetration of a felony, but contains the requisite malice. Malice is not merely ill-will but, rather, wickedness of disposition, hardness of heart, recklessness of consequences, and a mind regardless of social duty. Malice may be inferred from the use of a deadly weapon on a vital part of the victim's body. Further, malice may be inferred after considering the totality of the circumstances.

*Commonwealth v. Garland*, 63 A.3d 339, 345 (Pa. Super. 2013) (citation

omitted).

With our standard of review in mind, we have examined the certified

record, the briefs of the parties, Judge Ransom's memorandum opinion, and

the applicable law, and we find that Judge Ransom ably and methodically

addressed Elliott's challenge to the sufficiency of the evidence. We agree

with the court that the evidence established that Elliott acted with the malice

required for third degree murder in recklessly brandishing a loaded weapon in a car occupied by three other people, regardless of whether or not Elliott intended to harm the decedent. *See Commonwealth v. Seibert*, 622 A.2d 361, 365 (Pa. Super. 1993) ("An intentional act which indicates recklessness of consequences and a mind regardless of social duty is sufficient, even if there was no intent to harm another."). Accordingly, we affirm on the basis of Judge Ransom's memorandum opinion. *See* Trial Court Opinion, 11/27/14 at 3-5.

Judgment of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 12/15/2014

Circulated 12/02/2014 12:48 PM

IN THE COURT OF COMMON PLEAS OF PHILADELPHIA
FIRST JUDICIAL DISTRICT OF PENNSYLVANIA
CRIMINAL TRIAL DIVISION

FILED
NOV 27 2013
Criminal Appeals Unit
First Judicial District of PA

COMMONWEALTH OF           :        CP-51-CR-0005442-2010
PENNSYLVANIA             :
                         :
                CP-51-CR-0005442-2010 Comm. v. Elliott, Michael
                                    Opinion

v.                                 7090085241

MICHAEL                  :
ELLIOT,                  :
APPELLANT                :        SUPERIOR CT: 2064 EDA 2013

                        **OPINION**

RANSOM, J.                                 November 27, 2013


On January 17, 2013, Appellant, Michael Elliot, was found guilty, by a jury sitting before

this Court, of one (1) count of third degree murder, a felony of the first degree; one (1) count of

Violating the Uniform Firearms Act ("VUFA") § 6106, a felony of the third degree; and, one (1)

count of VUFA § 6108, a misdemeanor of the first degree. On March 5, 2013, this Court

sentenced the appellant to thirteen to twenty-eight (13-28) years for the 3rd degree murder

conviction and one to two (1-2) years incarceration for each VUFA conviction to run

consecutively, for a cumulative sentence of fifteen (15) to thirty (30) years incarceration.

A timely Post Sentence Motion was filed on March 15, 2013, and was denied by

operation of law on July 16, 2013. On July 18, 2013, Appellant filed a timely Notice of Appeal.

On August 12, 2013, after ascertaining that all notes of testimony were available, this Court

pursuant to Pennsylvania Rule of Appellate Procedure 1925(b), ordered appellant to file a self-

contained and intelligible statement of errors complained of on appeal. On September 3, counsel

filed a 1925(b) statement of errors complained of on appeal to this Court.

1

In his 1925(b) statement, the appellant raises the following issues:

(1) The Defendant must receive a new trial on the charges of murder in the third degree and related offenses as the Commonwealth failed to prove malice, as this was an accidental shooting, where a young man was showing off his firearm and accidentally shot and killed a female friend. Without malice, there is no murder.

(2) The Defendant must receive a new trial as the verdict is not supported by the greater weight of the evidence, which did not establish malice. The verdict was based on speculation, conjecture and surmise, all in violation of Commonwealth vs. Karkaria, 625 A. 2d 1167 (Pa. 1993).

## FACTS

These charges arose out of an incident that occurred on April 7, 2010, at approximately 2:00 AM. Earlier that morning, the decedent, Rachel Marcelis ("Marcelis") and her friend, Gina Fehr ("Fehr") were sitting in Fehr's car smoking marijuana, outside of Fat Pete's Bar in Northeast Philadelphia. As they were smoking, Fehr's boyfriend, David DiPersio ("DiPersio") and Appellant came to the car and began chatting with Fehr and Marcelis. DiPersio and Appellant got into Fehr's car and sat in the driver's seat and passengers seat, respectively. Fehr then sat on DiPersio's lap while Marcelis sat leaning against the dashboard of the car on Appellant's lap, with the doors open. The four (4) individuals smoked marijuana and as they did, Appellant pulled out a gun. Fehr asked Appellant to put the gun away and Appellant stated that he was licensed to carry. Appellant then removed the clip from the gun and the gun was fired. Marcelis was hit with one (1) bullet to the chest and immediately asked the others to call

2

9-1-1. After seeing Marcelis was hit, Appellant got out of the car, causing Marcelis to fall into the street, and ran to his mother's house at 6123 Hegerman Street in Wissinoming. Upon arriving at his mother's house, Appellant went to the basement and changed his clothes. Appellant then came upstairs where he spoke with his mother before Police Officers Andre Hudgens ("Hudgens") and Ashley Johnson ("Johnson") arrived. Hudgens and Johnson questioned Appellant regarding the incident at his mother's home and then transported Appellant to the Homicide Unit.

Medics responded to the 9-1-1 call and Marcelis was transported to Aria Health – Frankford Campus. Marcelis was shocked three (3) times during transit and was given six (6) rounds of ACLS medication before being pronounced dead at 2:45 AM.

## LEGAL DISCUSSION

The appellant raises two (2) issues on appeal. The first issue is:

**The Defendant must receive a new trial on the charges of murder in the third degree and related offenses as the Commonwealth failed to prove malice, as this was an accidental shooting, where a young man was showing off his firearm and accidentally shot and killed a female friend. Without malice, there is no murder.**

Third Degree Murder is defined as all other kinds of murder that are not First or Second Degree Murder.[1] The elements of third-degree murder, as developed by case law, are a killing done with legal malice. Malice, express or implied, is an essential element of murder, and is the distinguishing factor between murder and the lesser degrees of homicide. Commonwealth v. MacArthur, 427 Pa. Super. 409, 413, 629 A.2d 166,167(1993). In order to prove that a

---

[1] See 18 Pa.C.S.A. § 2502(c)

defendant is guilty of third degree murder, the Commonwealth must establish that the defendant acted with malice. Commonwealth v. Martin, 433 Pa. Super. 280, 640 A.2d 921 (1994). Malice exists where there is a particular ill-will and where "there is a wickedness of disposition, hardness of heart, wanton conduct, cruelty, recklessness of consequences and a mind regardless of social duty." Commonwealth v. Bigelow, 416 Pa. Super. 449, 454, 611 A.2d 301, 304 (1992), citing Commonwealth v. Smouse, 406 Pa. Super. 369, 594 A.2d 666 (1991). Malice may be inferred from the attending circumstances of the act resulting in the death. One such circumstance is evidence that the defendant used a deadly weapon upon a vital part of the victim's body; this inference alone is sufficient to establish malice. Commonwealth v. Lee, 426 Pa. Super. 345, 350, 626 A.2d 1238, 1241 (Pa. Super. 1993). An intentional act indicating recklessness of consequences and disregard of social duty is sufficient, even if there was no intent to harm another, for finding of third degree murder. Com. v. Seibert, 424 Pa. Super. 242, 622 A.2d 361 (1993).

In the instant matter, the Commonwealth presented sufficient evidence to find the Appellant acted with the malice required for third degree murder. Appellant gave a statement to the police, which was read into the record by Detective James Burns. (N.T. 1/16/13, 50-71). In his statement, Appellant stated he was with Marcelis and her friends the night Marcelis was killed. (N.T. 1/16/13 at 63). He stated he had the gun in his possession, took the magazine out, and after doing so, the gun went off. (Id.). Appellant stated that Marcelis was sitting partially in his lap when she was shot. (N.T. 1/16/13 at 64). In his statement, when asked whose gun was used to kill Marcelis, Appellant stated "I had it with me because I was robbed Sunday by my boys and they threatened me and my family." (N.T. 1/16/13 at 65). Appellant also stated that he saw Marcelis fall, panicked, and ran to his mother's house. (N.T. 1/16/13 at 63). Appellant

4

stated that when he arrived at his mother's house, he went to the basement, changed his clothes, and then the police arrived. (N.T. 1/16/13 at 66). In Seibert, the Appellant contended that he should not have been found guilty because he was friends with the decedent, had no ill will towards the decedent, and did not intend to kill the decedent. The Superior Court ruled that the intentional act of pointing the gun at the decedent was sufficient to find legal malice necessary for third degree murder because Appellant Seibert's intentional act showed recklessness of consequences and disregard for social duty, components of legal malice. Seibert is very similar to the instant matter. While Appellant may not have had ill will towards Marcelis, his brandishing of a gun and handling of the weapon in a confined space with others present was an intentional act that exemplified recklessness.

In the instant case, the jury was free to infer the malice necessary to sustain a conviction for third degree murder based on Appellant's reckless handling of a gun which resulted in the death of Marcelis.

The second issue the appellant raises is:

**The Defendant must receive a new trial as the verdict is not supported by the greater weight of the evidence, which did not establish malice. The verdict was based on speculation, conjecture and surmise, all in violation of Commonwealth vs. Karkaria, 625 A. 2d 1167 (Pa. 1993).**

The guilty verdict of murder in the third degree was not against the weight of the evidence. The standard of appellate review for a claim that the verdict was against the weight of the evidence is limited to a determination of whether the trial court abused its discretion in denying the appellant's post verdict motion i.e. that the fact finder's verdict "shocked the

conscience." Commonwealth v. Lloyd, 2005 Pa. Super. 236, P12, 878 A.2d 867, 872 (2005). The weight of the evidence is exclusively for the finder of fact who is free to believe all, part, or none of the evidence and to determine the credibility of the witnesses. Commonwealth v. Small, 559 Pa. 423, 435, 741 A.2d 666, 672 (Pa. 1999). A new trial should not be granted because of a mere conflict in testimony or because the trial judge would have arrived at a different conclusion on the same facts. Commonwealth v. Brown, 538 Pa. 410, 648 A2d. 1177, 1191 (Pa. 1994).

In the instant case, the jury's verdict of guilty does not shock the conscience. Appellant cites Commonwealth. v. Karkaria, 533 Pa. 412, 420, 625 A.2d 1167 (1993). In Karkaria, the Pennsylvania Supreme Court found that the evidence failed to establish that the defendant forced the victim to submit to sexual intercourse during the dates specified in the indictment as the victim's testimony was vague, and contradictory, and the Commonwealth failed to present sufficient evidence linking Appellant Karkaria to the 300 acts of sexual intercourse claimed by the victim. The Pennsylvania Supreme Court ruled that criminal prosecution also requires proof beyond a reasonable doubt that the accused committed the offense charged at the time specified within the indictment. Id. at 1170. The instant matter should be distinguished from Karkaria because the Commonwealth in the present case presented proof beyond a reasonable doubt that the accused committed the offense.

The Commonwealth presented the statement of Appellant, in which he admitted holding the gun as it went off and the bullet hit Marcelis, resulting in her death.[2] The Commonwealth also presented an eye witnesses to the crime, Gina Fehr ("Fehr"). Fehr stated that she and Marcelis were friends for about four (4) months before Marcelis was killed. (N.T. 1/15/13 at 84). Fehr testified that while in the car with Appellant, Marcelis, and DiPersio, she told Appellant to

---

[2] See first issue analysis, *supra*

6

put the gun away but that Appellant stated he was licensed to carry. (N.T. 1/15/13 at 90). Fehr stated that she watched Appellant take the clip out of the gun and the next thing she remembered was the "gun going off". (N.T. 1/15/13 at 90). After the gun was fired, Fehr stated Marcelis grabbed her chest and Marcelis asked them to call an ambulance. (N.T. 1/15/13 at 91). Fehr testified that after Marcelis was shot, Appellant jumped out of the car and Marcelis hit the ground. (N.T. 1/15/13 at 91). Dr. Gary Collins ("Dr. Collins"), Deputy Chief Medical Examiner at the Philadelphia Medical Examiner's Office also testified on behalf of the Commonwealth. (N.T. 1/16/13 at 35). Dr. Collins determined that Marcelis died from a gunshot wound to the chest, which hit Marcelis's aorta resulting in internal bleeding, and ruled the manner of death homicide. (N.T. 1/16/13, 42-44). Therefore, the verdict of guilty in the instant matter does not shock the conscience.

## CONCLUSION

For the reasons set forth above, the decision of this Court should be affirmed.

BY THE COURT:

_L. Hanson_

Ransom, J.

7

Re:    **Commonwealth vs. Michael Elliot**
        **CP-51-CR-0005442-2010**
        **2064 EDA 2013**

**TYPE: OPINION**

## PROOF OF SERVICE

I hereby certify that I am this day serving the foregoing Court Opinion upon the person(s), and in the manner indicated below, which service satisfies the requirements of Pa.R.Crim.P. 114:

Defendant:
        Michael Elliot
        KY-5825
        SCI Frackville
        1111 Altamont Boulevard
        Frackville, PA 17931-2699

Type of Service:
        ( ) Personal Service ( ) First Class Mail **(X)** Other: <u>Certified Mail</u>

Defense Counsel:
        Lee Mandell, Esquire
        Suite 1312
        42 S. 15th Street
        Philadelphia, PA 19102

Type of Service:
        ( ) Personal Service ( **X** ) First Class Mail ( ) Other: _____

District Attorney:
        Hugh J. Burns Jr., Esquire
        Philadelphia District Attorney's Office
        Widener Building - Three South Penn Square
        Philadelphia, PA 19102

Type of Service:
        ( ) Personal Service ( **X** ) First Class Mail ( ) Other: _____

Date:  <u>November 27, 2013</u>

_Joelle A. Johnson_
Joelle A. Johnson
Law Clerk to Hon. Lillian H. Ransom