J-A27021-18

2020 PA Super 20

COMMONWEALTH OF PENNSYLVANIA : IN THE SUPERIOR COURT OF
: PENNSYLVANIA
:
v. :
:
:
:
KATRINA A. SANDERS :
:
Appellant : No. 3562 EDA 2017

Appeal from the Judgment of Sentence July 17, 2017
In the Court of Common Pleas of Montgomery County Criminal Division
at No(s): CP-46-CR-0003929-2016

BEFORE: BOWES, J., STABILE, J., and McLAUGHLIN, J.

CONCURRING OPINION BY BOWES, J.: **FILED FEBRUARY 3, 2020**

I join in the majority writing of my esteemed colleague, and agree that Appellant's conviction for homicide by vehicle should be reversed, but upon slightly different reasoning.

To recap, homicide by vehicle is established by evidence that the defendant recklessly caused the death of another person through a violation of any law applicable to operation or use of a vehicle. 75 Pa.C.S. § 3732(a). The term "recklessly" as a degree of criminal culpability is defined as follows:

> A person acts recklessly with respect to a material element of an offense when he consciously disregards a substantial and unjustifiable risk that the material element exists or will result from his conduct. The risk must be of such a nature and degree that, considering the nature and intent of the actor's conduct and the circumstances known to him, its disregard involves a gross deviation from the standard of conduct that a reasonable person would observe in the actor's situation.

18 Pa.C.S. § 302(b)(3).

Viewing these two statutes together, it is clear that to establish the *mens rea* necessary to support Appellant's conviction, the Commonwealth was required to prove that Appellant disregarded a substantial and unjustifiable risk that she would cause the death of a person by grossly deviating from the conduct that a reasonable person would have observed in Appellant's situation.

The majority suggests that the risk that Appellant failed to ascertain was actually **seeing the victim** himself. ***See*** Majority Opinion at 11 n.2, 14. Undeniably, Appellant was unaware of the presence of the victim before she turned left. However, the evidence did establish that Appellant was aware that the blind spot created by the side mirror on her vehicle posed a risk that she could hit an unseen pedestrian while during left. I believe that the question is not whether Appellant actually saw the victim, but whether the Commonwealth offered legally sufficient evidence to prove beyond a reasonable doubt that Appellant's actions amounted to a gross deviation from the conduct that a reasonable person would have observed in the face of the general risk created by the mirror. In my view, they did not.

This conclusion is based on my consideration of the nature and the intent of Appellant's conduct and the circumstances known to her. Appellant was stopped. She neglected to observe the intersection during the forty-five seconds that she waited at the red light. Prior to beginning to move forward to make a left-hand turn, she waited 2.33 seconds and scanned the roadway

to her left, right, and straight ahead. She proceeded slowly through her turn, at a mere eight miles per hour, continuing to watch the road ahead of her. Nonetheless, the victim remained in Appellant's blind spot, and she stuck him, tragically causing his death. No one contends that Appellant actually saw the victim prior to striking him, that she pulled out into the intersection immediately without observing her surroundings, that she was speeding as she rounded the corner, or other conduct that has been deemed sufficient to demonstrate more than negligence. *See*, *e.g.*, *Commonwealth v. Moyer*, 171 A.3d 849, 854 (Pa.Super. 2017) (holding evidence was legally sufficient to establish recklessness where defendant who had an obstructed view turned into thirty-five-mile-per-hour traffic at twelve miles per hour on a busy road without stopping at a stop sign); *Commonwealth v. Matroni*, 923 A.2d 444, 448-49 (Pa.Super. 2007) (holding evidence of cumulative conduct of speeding, tailgating, and erratically changing lanes was sufficient to establish recklessness).

My view of the evidence leads me to conclude that, considering the totality of the circumstances, including Appellant's review of the paperwork while stopped, the position of the bus over the stop line, the initiation of the left-hand turn after waiting only 2.33 seconds, and the papers held in her left hand while turning, the evidence was sufficient to find that Appellant's behavior was a deviation from the standard of conduct of a reasonable person. However, it was **not** sufficient to constitute a **gross deviation** giving rise to

the inference that Appellant acted with disregard of a substantial and unjustifiable risk that she would cause the death of a person. As the majority aptly states, "[t]he circumstances of this case do not suggest the level of brazenness or hard-heartedness characteristic of acts of recklessness" under § 302(b)(3).[1] Majority Opinion at 13. *Accord Commonwealth v. Karner*, 193 A.3d 986, 992-93 (Pa.Super. 2018) (affirming dismissal of homicide-by-vehicle charges upon holding, as a matter of law, that evidence that the defendant was driving eight to twelve miles over the speed limit and collided

_____

[1] The dissent suggests that, in concluding that the Commonwealth's evidence was insufficient to establish the *mens rea* element of homicide by vehicle, I have violated this Court's standard of review by reweighing the evidence. On the contrary, I fully accept the fact-finder's determinations and the weight it accorded the Commonwealth's evidence. Nonetheless, it is this Court's responsibility to consider and determine whether the evidence behind those factual determinations, viewed in the light most favorable to the Commonwealth, is sufficient **as a matter of law** to establish each element of the crime at issue. *See*, *e.g.*, *Commonwealth v. Mikitiuk*, 213 A.3d 290, 300 (Pa.Super. 2019) ("Whether the evidence was sufficient to sustain the charge presents a question of law."). Legal questions are subject to *de novo* plenary review. *See id*.

My application of our standard of review in this case is consistent with this Court's analysis of the *mens rea* elements of various crimes in similar appeals. *See*, *e.g.*, *Commonwealth v. MacArthur*, 629 A.2d 166, 168-69 (Pa.Super. 1993) (reversing third-degree murder conviction upon concluding that the defendant's conduct failed to rise to the level of malice under the circumstances of the case). Indeed, the dissent's position appears to be inconsistent with this Court's recent sufficiency review in *Commonwealth v. Hoffmann*, 198 A.3d 1112, 1119-20 (Pa.Super. 2018) (McLaughlin, J.) (applying sufficiency standard of review in affirming trial court's grant of judgment of acquittal after a jury convicted the defendant of third-degree murder and aggravated assault; as a matter of law, evidence of the defendant's conduct amounted only to gross negligence, not a conscious disregard of an extremely high risk that her actions would result in death).

with car that turned off the roadway more slowly than the defendant expected constituted negligence rather than recklessness or gross negligence).

I therefore concur.

Judge Stabile concurs in the result.