611 A.2d 301

**COMMONWEALTH of Pennsylvania, Appellant,**

v.

**James BIGELOW.**

Superior Court of Pennsylvania.

Argued May 20, 1992.

Filed July 30, 1992.

450

Karen A. Brancheau, Asst. Dist. Atty., Philadelphia, for Com., appellant.

Michael E. Wallace, Philadelphia, for appellee.

Before BECK, JOHNSON and HUDOCK, JJ.

JOHNSON, Judge:

The Commonwealth appeals an order granting an arrest of judgment on the conviction of James Bigelow for third degree murder. We vacate the order in arrest of judgment on the charge of third degree murder and the judgment of sentence on the charge of criminal conspiracy. We remand for reinstatement of the original verdict and for sentencing thereon.

On July 31, 1989, Bigelow and three other men were standing on the steps of a business establishment owned by Roosevelt Corbin. Corbin testified at trial that the four men were threatening to engage in a fight with the victim, Vance Davis. Bigelow had apparently lent Davis fifty dollars which Davis had not repaid. Shortly thereafter, the four men surrounded Davis, kicking and punching him while he lay on the ground. Davis stood up and fled the scene but was pursued by Bigelow and the other attackers. Twenty minutes later, Bigelow and the other three men returned past Corbin's place of business. One of the four attackers was carrying a stick measuring three and one-half feet in length.

After the attack, Davis approached a police patrol car and told the officer that he had been beaten by three or four men. When the officer noticed a trickle of blood flowing from Davis' temple, he took Davis to Temple University

Hospital where he died two weeks later from the head injury sustained during the attack.

After his arrest, Bigelow admitted to initiating a fight with Davis over the unpaid debt. However, Bigelow denied that others were involved in the fight or that any weapon was used. Bigelow also insisted that the fight took place at only one location.

Following a non-jury trial before the Honorable Lisa A. Richette, Bigelow was convicted of third degree murder and conspiracy. Post-trial motions were filed requesting, in the alternative, a new trial or arrest of judgment. The trial court granted Bigelow's motion to arrest judgment on the conviction for third degree murder and subsequently imposed sentence only on the conviction for criminal conspiracy. Bigelow was then sentenced to a period of four to eight years of incarceration.

The Commonwealth contends that the trial court erred in reconsidering the facts of this case at the time of post-trial motions and in granting Bigelow's motion in arrest of judgment. We agree.

The verdict rendered by the trial judge after a non-jury trial is a general verdict and after recording such a verdict, the authority of the trial judge over it would be the same as in the case of verdict by jury. *Commonwealth v. Bursick*, 526 Pa. 6, 584 A.2d 291 (1990); *Commonwealth v. Parker*, 305 Pa.Super. 516, 451 A.2d 767 (1982). The standard of review for the trial court as it passes upon a motion in arrest of judgment, is limited to a determination of the absence or presence of that quantum of evidence necessary to establish the elements of the crime. *Commonwealth v. Meadows*, 471 Pa. 201, 208, 369 A.2d 1266, 1269 (1977); *Commonwealth v. Carson*, 405 Pa.Super. 492, 592 A.2d 1318 (1991), *appeal denied*, 529 Pa. 616, 600 A.2d 533 (1991). The trial court is required to view the evidence in the light most favorable to the Commonwealth, as verdict winner, and may not alter the verdict based on a redetermination of credibility or a re-evaluation of the evidence.

*Meadows, supra; Commonwealth v. Reading,* 412 Pa.Super. 239, 603 A.2d 197 (1992). Before granting an arrest of judgment, the trial court must find the evidence supporting the verdict to be so weak and inconclusive that a jury of reasonable persons would not have been satisfied as to the accused's guilt. *Commonwealth v. Blevins,* 453 Pa. 481, 487, 309 A.2d 421, 425 (1973).

■ A review of the record, in light of this standard, establishes that Bigelow, in retaliation for Davis' failure to repay a debt, joined with three other men in beating and kicking Davis. Bigelow and his accomplices then chased Davis for several blocks and continued the attack. When Bigelow and the other attackers returned to the place of the original attack, they were wielding a long stick. Testimony by the medical examiner established that the subdural hematoma which caused Davis' death was inflicted by a blow to the head with a narrow, heavy, blunt object. N.T., March 5, 1991 at 30. Testimony was also introduced at trial of Bigelow's statement, immediately after the attack, admitting that he "got" Vance Davis. N.T., March 5, 1991, at 45.

The trial court, after the presentation of all evidence, stated:

> I want to say this to you, Mr. Wallace [defense counsel]: I have a very stringent definition of reasonable doubt, and I try to apply that in all the cases that I hear without a jury. I just don't have a reasonable doubt that your client participated in this attack.

N.T., March 13, 1991, at 144.

The trial court then found Bigelow guilty of third degree murder and criminal conspiracy stating:

> So stand up Mr. Bigelow.
>
> I've considered the evidence very carefully. I have listened to the arguments of your able lawyer, and I have concluded that you are guilty of third degree murder in this case. You are not guilty of involuntary manslaughter, nor are you guilty of robbery. And you are guilty of a criminal conspiracy.

So that is my verdict, third degree murder and criminal conspiracy.

I don't know how all this happened, why $50 was so important to you that you would beat up somebody. But you did it, and somebody is dead ...

N.T. March 13, 1991, at 145–146.

The verdict rendered clearly indicates that the trial court found the evidence sufficient to uphold a conviction for third degree murder. However, the trial court when reviewing post-trial motions re-evaluated the evidence and found that the failure of the Commonwealth to place the stick used in the beating in Bigelow's hand "makes it impossible to conclude that the defendant was the stick-wielder." Trial court opinion at 8.

 The trial court misstates the proof required of the Commonwealth in this case. A person may be convicted of third degree murder where the killing is neither intentional nor committed during the perpetration of a felony, but when there is malice aforethought. *Commonwealth v. Pigg*, 391 Pa.Super. 418, 571 A.2d 438 (1990) *appeal denied*, 525 Pa. 644, 581 A.2d 571 (1990); 18 Pa.C.S. § 2502(c). Malice in its legal sense exists not only where there is particular ill will, but also where there is a wickedness of disposition, hardness of heart, wanton conduct, cruelty, recklessness of consequences and a mind regardless of social duty. *Commonwealth v. Smouse*, 406 Pa.Super. 369, 594 A.2d 666 (1991).

When rendering its verdict, the trial court found that malice could be inferred from Bigelow's actions in planning and participating in the beating of Davis. N.T., March 13, 1991 at 141. Even at the time of sentencing the trial court continued to find that Bigelow "led this pack of people to attack a defenseless person". N.T., July 9, 1991 at 12. A finding of such wanton conduct is indicative of the fact that Bigelow acted with malice.

 The Commonwealth may prove third degree murder by reasonable inferences drawn from the circumstances

of the killing. *Commonwealth v. Austin*, 394 Pa.Super. 146, 575 A.2d 141 (1990). Bigelow's undisputed participation in the conspiracy which resulted in Davis' death supports Bigelow's conviction of third degree murder. *Commonwealth v. Vaughn*, 459 Pa. 35, 326 A.2d 393 (1974). The Commonwealth did not need to place the stick in Bigelow's hand as the only means of proving his culpability for the killing. Despite the fact that an individual co-conspirator did not contemplate a killing, where such is a natural and probable consequence of a co-conspirator's conduct, killing is not beyond the scope of the conspiracy. *Commonwealth v. Riley*, 330 Pa.Super. 201, 479 A.2d 509 (1984). Even if the killing blows were struck by someone involved in the beating other than Bigelow, the law of this Commonwealth mandates that each conspirator is criminally responsible for the acts of his cohorts. *Commonwealth v. Robinson*, 351 Pa.Super. 309, 505 A.2d 997 (1986).

 The trial court, when pronouncing final sentence, clearly found that Bigelow engaged in a conspiracy to "commit an aggravated assault and even a murder on this man [Davis]". N.T., July 9, 1991, at 5. The evidence of record is sufficient for the trial court to have inferred, when rendering its verdict, that Davis' death was the natural and probable consequence of the severe beating he received at the hands of Bigelow and his co-conspirators.

In light of the fact that the initial verdict was guilty, it was not the function of the trial court, in reviewing post-trial motions, to reweigh the evidence presented at trial. The evidence, when reviewed in light of the appropriate standard of review for a post-trial motion in arrest of judgment, is sufficient to uphold Bigelow's conviction on the charge of third degree murder. We, therefore, conclude that the trial court erred in arresting judgment on the charge of third degree murder.

 Accordingly, we vacate the order of the trial court in arrest of judgment on the charge of third degree murder. We also vacate the judgment of sentence on the charge of

456

criminal conspiracy. As the disposition of this case on appeal may alter the sentencing scheme of the trial court, it is within our power, as an appellate court, to remand the entire case to the trial court for reconsideration of the sentence imposed. *Commonwealth v. Goldhammer,* 512 Pa. 587, 517 A.2d 1280 (1986), *cert. denied,* 480 U.S. 950, 107 S.Ct. 1613, 94 L.Ed.2d 798 (1987); *Commonwealth v. Sutton,* 400 Pa.Super. 291, 583 A.2d 500 (1990), *appeal denied,* 528 Pa. 610, 596 A.2d 156 (1991); 42 Pa.C.S. § 706. We, therefore, remand to the trial court for reinstatement of the original verdict and for sentencing thereon.

Order in arrest of judgment and judgment of sentence vacated and case remanded for reinstatement of the original verdict and for sentencing thereon.