658 A.2d 1385

COMMONWEALTH of Pennsylvania

v.

Shelton MELECHIO, Appellee.

Superior Court of Pennsylvania.

Submitted March 15, 1995.

Filed June 2, 1995.

232

Hugh Burns, Jr., Asst. Dist. Atty., Philadelphia, for Com., appellant.

Thomas W. Moore, Philadelphia, for appellee.

Before HUDOCK, SAYLOR and HESTER, JJ.

SAYLOR, Judge:

These appeals by the Commonwealth both challenge an order of the Court of Common Pleas of Philadelphia County granting a motion in arrest of judgment in favor of Appellee, Shelton Melechio.

Following a non-jury trial, Melechio was convicted of third-degree murder and possession of an instrument of crime. The verdict stemmed from an incident in which Melechio, a security guard, shot and killed a seventeen year-old bystander, Damon Hand, during a disturbance that erupted outside a dance hall in Philadelphia. Following his conviction, Melechio filed post-trial motions for an arrest of judgment or a new trial. The trial court granted the motion for a new trial. Subsequently, however, the trial court vacated the order granting a new trial and advised counsel of its intention to arrest judgment on the conviction for third-degree murder. On October 15, 1993, after hearing additional argument, the trial court granted Melechio's motion to arrest judgment and substituted a conviction for involuntary manslaughter. In arresting judgment, the trial court stated that it had never credited the inculpatory testimony of Michael McCladdie, a

security guard at the scene, and found that the remaining evidence was insufficient to support a finding of malice requisite to a conviction for third-degree murder. Melechio was then sentenced to a term of incarceration of one and one half years to five years for involuntary manslaughter and five years probation for possession of an instrument of crime, with the terms running consecutively. These appeals by the Commonwealth followed.[1]

In its single contention on appeal, the Commonwealth claims that the trial court erred in arresting judgment because the evidence was sufficient to support a conviction for third-degree murder.

When ruling on a motion in arrest of judgment, a trial court is limited to ascertaining "the absence or presence of that quantum of evidence necessary to establish the elements of the crime." *Commonwealth v. Johnson,* 428 Pa.Super. 494, 502 n. 2, 631 A.2d 639, 643 n. 2 (1993) (en banc), quoting *Commonwealth v. Parker,* 305 Pa.Super. 516, 523–24, 451 A.2d 767, 770–71 (1982) (collecting cases). At this stage in the proceedings, the trial court is limited to rectifying trial errors, and cannot make a redetermination of credibility and weight of the evidence. *Commonwealth v. Johnson, supra,* 428 Pa.Super. 494, 631 A.2d 639. The authority of a trial court over a nonjury verdict is no greater than the authority over a jury verdict. *Commonwealth v. Meadows,* 471 Pa. 201, 205 n. 5, 369 A.2d 1266, 1268 n. 5 (1977); Pa.R.Crim.P. 1102(a).

For purposes of appellate review,
"In passing upon such a motion [in arrest of judgment], the sufficiency of the evidence must be evaluated upon the *entire trial record.* All of the evidence must be read in the light most favorable to the Commonwealth and it is entitled to all reasonable inferences arising therefrom. The effect of such a motion is to admit all the facts which the Common-

---

1. It appears that the Commonwealth filed two separate appeals from the trial court's October 15, 1993 order arresting judgment. The Commonwealth appeals were filed on October 15, 1993 and October 18, 1993. The Commonwealth has filed identical briefs in each appeal, and since both appeals challenge the same order, they are consolidated.

wealth's evidence tends to prove." [Citations omitted.] [emphasis in original.]

*Commonwealth v. Tabb*, 417 Pa. 13, 16, 207 A.2d 884, 886 (1965); *Commonwealth v. Winebrenner*, 439 Pa. 73, 77–78, 265 A.2d 108 (1970); *Commonwealth v. Terenda*, 433 Pa. 519, 523, 252 A.2d 635 (1969); *Commonwealth v. Hazlett*, 429 Pa. 476, 478, 240 A.2d 555 (1968). In order for a trial court to properly grant a criminal defendant's motion in arrest of judgment on the ground of insufficient evidence, "it must be determined that accepting all of the evidence and all reasonable inferences therefrom, upon which, if believed [the verdict could properly have been based], it would be nonetheless insufficient in law to find beyond a reasonable doubt that the [defendant] is guilty of the crime charged." *Commonwealth v. Blevins*, 453 Pa. 481, 483, 309 A.2d 421, 422 (1973); *Commonwealth v. Froelich*, 458 Pa. 104, 106, 326 A.2d 364 (1974); *Commonwealth v. Winebrenner*, supra; *Commonwealth v. Terenda*, supra.

*Commonwealth v. Meadows, supra*, 471 Pa. at 205–206, 369 A.2d at 1268.

With these standards in mind, we must determine whether the evidence presented at trial, viewed in the light most favorable to the Commonwealth, was sufficient to support Melechio's conviction for third-degree murder.

■■■ In order to prove that a defendant is guilty of third degree murder, the Commonwealth must establish that the defendant acted with malice. *Commonwealth v. Martin*, 433 Pa.Super. 280, 640 A.2d 921 (1994). Malice exists where there is a particular ill-will, and also where "there is a wickedness of disposition, hardness of heart, wanton conduct, cruelty, recklessness of consequences and a mind regardless of social duty." *Commonwealth v. Bigelow*, 416 Pa.Super. 449, 454, 611 A.2d 301, 304 (1992), citing *Commonwealth v. Smouse*, 406 Pa.Super. 369, 594 A.2d 666 (1991).

Here, Melechio was hired as a security guard for a dance that was held at a building in Philadelphia on February 16, 1992. He arrived at the scene at approximately 10:15 p.m.

that evening and was armed with a .38 caliber handgun. His license to carry the weapon had expired several months before the incident. At approximately 11:00 p.m., a large crowd had gathered both inside and outside the building. At this time, a crowd near the entrance was attempting to force their way into the building. In order to regain control of the situation, one of the promoters of the dance, James Carr, fired three gunshots into the ceiling of the building from his position inside the entrance. The crowd then dispersed.

As Michael McCladdie, another security guard, exited the building, he saw Melechio holding three men in custody beside a van while arguing with a fourth individual, Damon Hand. During the argument Melechio unholstered his gun, pointed it at Hand's head, and threatened to "blow [his] head off." Melechio then told Hand that he was not serious and, as the victim backed away, assured him that the safety was on. McCladdie told Melechio to "stop playing around," and to come back inside the building. McCladdie then turned around to reenter the building, when he heard Melechio say "fuck this," followed by a gunshot. McCladdie saw Melechio standing over the victim's body while holding a gun. Melechio then holstered his pistol and walked away from the scene.[2]

At a hearing on post-trial motions, the trial court expressed its concern regarding the credibility of McCladdie's trial testimony. At that time, the trial court indicated that it had never believed McCladdie's version of events, finding discrepancies and contradictions in his testimony. The trial court also indicated that it found Melechio's testimony to be credible, and that this testimony at most supported a conviction for involun-

---

2. At trial, Melechio testified to a different version of events. Melechio claimed that while standing outside of the building he heard other gunshots, in addition to those fired by Carr, after which he removed his gun, chambered a bullet and released the gun's safety catch. He testified that he carried the gun with his arm bent at the elbow and the weapon pointing into the air. Melechio claimed that he then saw two individuals running around a white van. One of the individuals had his hand inside his jacket, and appeared to be carrying a weapon. Melechio stated that he also observed McCladdie holding a third individual against a nearby van. Melechio claimed that when he attempted to restrain the two individuals, his gun discharged in the ensuing struggle, and the bullet struck and killed a bystander, Damon Hand.

tary manslaughter, rather than third-degree murder. Subsequently, the trial court granted Melechio's motion for a new trial, but later vacated this order, believing that the proper remedy was to grant Melechio's motion in arrest of judgment and to substitute a conviction for the lesser offense of involuntary manslaughter.

■ When ruling on a motion in arrest of judgment, a trial court may correct trial errors; however, consideration of the evidence and reconciliation of contradictions and discrepancies in testimony is a matter properly addressed *during* a non-jury trial, not afterwards during the post-verdict stage. *Commonwealth v. Johnson, supra,* 428 Pa.Super. at 501, 631 A.2d at 642, citing *Commonwealth v. Lemons,* 404 Pa. 263, 268, 171 A.2d 785, 788 (1961); *Commonwealth v. Nock,* 414 Pa.Super. 326, 333, 606 A.2d 1380, 1383 (1992), *allocatur denied,* 535 Pa. 656, 634 A.2d 219 (1993). Following the rendering of a verdict, the trial court is limited to rectifying trial errors and cannot make redeterminations concerning credibility and the weight of the evidence. *Commonwealth v. Johnson, supra,* 428 Pa.Super. 494, 631 A.2d 639.

■ Having reviewed the evidence in the light most favorable to the Commonwealth, we conclude that sufficient evidence was presented at trial to support Melechio's conviction for third-degree murder, and that in granting Melechio's motion in arrest of judgment, the trial court engaged in an impermissible reevaluation of the evidence. *Commonwealth v. Meadows, supra,* 471 Pa. 201, 369 A.2d 1266; *Commonwealth v. Slout,* 288 Pa.Super. 471, 432 A.2d 609 (1981). Thus, the trial court erred in granting Melechio's motion for arrest of judgment.

As previously noted, the trial court, believing that the proper remedy was an arrest of judgment, vacated its order granting a new trial. Thus, we remand to allow the trial court to reconsider Melechio's motion for a new trial in light of our disposition. *See, Commonwealth v. Meadows,* 471 Pa. 201, 208–209, 369 A.2d 1266, 1270 (1977) (Even if evidence is determined to be legally sufficient to sustain a guilty verdict, a defendant may be given a new trial on the ground that the verdict was against the weight of the evidence).

238

Accordingly, the order of the trial court granting Melechio's motion in arrest of judgment is reversed, and the matter is remanded to the trial court for reconsideration of Melechio's motion for a new trial.

Reversed and remanded.