**COMMONWEALTH of Pennsylvania, Appellant,**

**v.**

**Gary DICKERSON, Appellee.**

Superior Court of Pennsylvania.

Argued June 15, 2000.

Filed July 28, 2000.

Hugh J. Burns, Asst. Dist. Atty., Philadelphia, for Com., appellant.

John Packel, Public Defender, Philadelphia, for appellee.

Before HUDOCK, STEVENS, JJ., and CIRILLO, President Judge Emeritus.

STEVENS, J.:

¶ 1 The Commonwealth appeals from an October 6, 1999 order of the Court of Common Pleas of Philadelphia County.

¶ 2 The record reflects that a victim was robbed on February 16, 1999, who later that evening identified Gary Dickerson as the perpetrator. Dickerson was subsequently found guilty as the result of a bench trial conducted on August 11, 1999, but sentencing was deferred. Prior to sentencing, Dickerson filed a motion for extraordinary relief on September 21, 1999, alleging insufficiency of the evidence and that the verdict was against the weight of the evidence. The motion specifically requested that the court arrest judgment and discharge the defendant.

¶ 3 On October 6, 1999, a sentencing hearing was held, during which the following exchange occurred:

THE COURT: In thinking about this case further, I find that I have a reasonable doubt as to what happened and the motion is granted. I think it would be a miscarriage of justice to just deal with that.

THE DEFENDANT: What does that mean?

THE COURT: It means that the verdict is arrested. There is no verdict

in this case. It has to be re-spun for a retrial.

MR. BLENDER: Your honor, can you hold on a second? (Inaudible discussion between counsel).

MR. BLENDER: Judge, is that the remedy for it?

THE COURT: I think it has to be. I am arresting judgment.

MR. BLENDER: Well, I thought if it was an arrest of judgment, then the evidence is insufficient and, therefore

. . .

THE COURT: No. What I am saying is that I found that there was a reasonable doubt, thinking about this. I think it gets retried.

N.T. 10/6/99 at 6–7.

¶ 4 Based on this exchange, the resolution was docketed as "Defense motion for arrest of judgment granted" on the Court of Common Pleas of Philadelphia County docket sheet.

¶ 5 The Commonwealth appealed on November 5, 1999, and filed a statement of matters complained of on appeal alleging that the trial court erred in arresting judgment despite the legal sufficiency of the evidence. On appeal, both the Commonwealth and Dickerson agree that the order granting "arrest of judgment" must be vacated because the trial court used the wrong terminology; their agreement does not extend beyond this point, however. While the Commonwealth argues that the original verdict of guilty should be reinstated and the case remanded for sentencing, Dickerson asserts that the appropriate and intended remedy is the grant of a new trial.

¶ 6 In determining the appropriate remedy, we are guided by the trial court's comments at the sentencing hearing, as well as its Pa.R.A.P. 1925(a) opinion,[1] in which the court indicates that it "vacated the judgment and granted defendant a new trial" because "[t]he evidence was sufficient to sustain the verdicts in that [the victim] identified defendant as the man who shot him during the course of a robbery," but the verdict was "against the weight of the evidence." Trial court opinion filed 12/24/99 at 1, 3.[2] Both the transcript of the sentencing hearing and the trial court's 1925(a) opinion make it abundantly clear that at the time of the sentencing hearing the trial court's intention was to vacate the guilty verdict and grant the defendant a new trial based on the trial court's conclusion that the verdict was against the weight of the evidence.

¶ 7 Although Dickerson's motion for extraordinary relief requested arrest of judgment, not a new trial, it is within the power of the trial court to grant a new trial of its own motion. *Commonwealth v. Parker*, 305 Pa.Super. 516, 524, 451 A.2d 767, 771, n. 2 (1982) ("[I]t is well established that a court may grant a new trial of its own motion, in the absence of a motion for a new trial if sufficient cause exists.").

¶ 8 In reviewing the trial court's determination of a weight of the evidence claim, an appellate court examines the trial court's exercise of discretion, not the underlying question of whether the verdict was against the weight of the evidence. *Commonwealth v. Widmer*, 560 Pa. 308, 321–23, 744 A.2d 745, 753 (2000). "Discretion is abused when the course pursued

1. Rule 1925(a) provides that "[u]pon receipt of the notice of appeal the judge who entered the order appealed from, if the reasons for the order do not already appear of record, shall forthwith file of record at least a brief statement, in the form of an opinion, of the reasons for the order, or for the rulings or other matters complained of, or shall specify in writing the place in the record where such reasons may be found." Pa.R.A.P. 1925(a).

2. We note that a new trial may be granted on the basis that a verdict is against the weight of the evidence, even if the evidence is determined to be legally sufficient to sustain the verdict. *Commonwealth v. Melechio*, 442 Pa.Super. 231, 237, 658 A.2d 1385, 1389 (1995) (*citing Commonwealth v. Meadows*, 471 Pa. 201, 208–09, 369 A.2d 1266, 1270 (1977)).

represents not merely an error of judgment, but where the judgment is manifestly unreasonable or where the law is not applied or where the record shows that the action is a result of partiality, prejudice, bias or ill will." *Id., citing Coker v. S.M. Flickinger Company, Inc.,* 533 Pa. 441, 447, 625 A.2d 1181, 1185 (1993).

¶ 9 In the case at hand, the trial court explained its decision to grant a new trial as follows:

[U]pon reviewing the record, this court was convinced it had made an error in accepting the credibility of Mr. Spotswood's identification of defendant as his robber. The entire incident lasted no more than thirty seconds. The victim immediately described his robber as slim. He was close enough to the robber to be able to describe his gun as a .22 caliber. He then watched the robber walk west from 60th Street onto Locust Street.

Less than ten minutes later, defendant is identified coming out of a bar on the corner of 60th and Delancey in the company of an unidentified woman. At that time he appeared to a trained officer to be under the influence of alcohol, yet the victim who was within several feet of the defendant when he was robbed did not notice this fact.

Most importantly, however, was the wide disparity between the victim's description of the robber as slim, and the defendant's actual weight of 260 pounds.

These disparities, in conjunction with the suggestivity [sic] of the witness' review of a single photograph of the defendant prior to making an in court identification of the defendant at the preliminary hearing,[3] led this court to vacate defendant's judgment.

Trial court opinion filed 12/24/99 at 4–5.

¶ 10 After a review of the record in this case, we can find nothing to suggest that the trial court's grant of a new trial is manifestly unreasonable, the result of a failure to apply the law, or based on partiality, prejudice, bias or ill will. As such, we find no abuse of discretion on the part of the trial court, and we therefore vacate the order "arresting judgment" and remand for a new trial.

¶ 11 Vacated and remanded for a new trial. Jurisdiction relinquished.

---

3. As explained to the trial judge by the assistant district attorney, prior to the commencement of an April 28, 1999 hearing in this case, the victim-witness coordinator inadvertently handed the victim the prosecution's file. The victim looked in the file and viewed a picture of the defendant. N.T. 4/28/99 at 6.