J. A18024/16

**NON-PRECEDENTIAL DECISION – SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellant | : | |
| | : | |
| v. | : | No. 1750 MDA 2015 |
| | : | |
| JO ANNE BROWNE | : | |

Appeal from the Judgment of Sentence, May 29, 2015,
in the Court of Common Pleas Dauphin of County
Criminal Division at No. CP-22-CR-0001587-2014

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| v. | : | |
| | : | |
| JO ANNE BROWNE, | : | No. 1876 MDA 2015 |
| | : | |
| Appellant | : | |

Appeal from the Judgment of Sentence, May 29, 2015,
in the Court of Common Pleas Dauphin of County
Criminal Division at No. CP-22-CR-0001587-2014

BEFORE:  FORD ELLIOTT, P.J.E., BENDER, P.J.E., AND STEVENS,* P.J.E.

MEMORANDUM BY FORD ELLIOTT, P.J.E.:          **FILED AUGUST 29, 2016**

Before us for review are consolidated cross appeals.  At No. 1750 MDA 2015, the Commonwealth of Pennsylvania ("Commonwealth") appeals from that portion of the Order arresting judgment on cross-appellant's jury

---

* Former Justice specially assigned to the Superior Court.

conviction of aggravated assault. Cross-appellant Jo Anne Browne ("Browne") appeals at No. 1987 MDA 2015 from the judgment of sentence following her conviction by a jury of simple assault. We affirm that part of the order arresting Browne's judgment of sentence on the charge of aggravated assault. We also affirm the judgment of sentence on the charge of simple assault.

The trial court set forth the following factual history:

> The trial testimony revealed that Kyle Browne, son of Defendant Jo Anne Browne, dated Rashanda Gaston for approximately four to five years. Ms. Gaston testified she and Mr. Browne began dating when she was in tenth grade. Ms. Gaston also stated that her relationship with Defendant, Mr. Browne's mother, was good in the beginning but went downhill over time. Ms. Gaston and Mr. Browne had been apart for some time and had reconciled, unbeknownst to Defendant.
>
> On the morning of February 7, 2014, Ms. Gaston and Mr. Browne went apartment hunting in Hummelstown. The car driven by Mr. Browne did not have a registration sticker on it. Consequently, he was pulled over by Corporal Justin Hess of the Hummelstown Borough Police Department. Ms. Gaston testified that after they were pulled over, the officer smelled marijuana. A search of the vehicle ensued, and the car was impounded. At that point, Mr. Browne called Defendant, who showed up driving her orange Honda Element, a box-shaped SUV. Ms. Gaston testified that Defendant was angry and told her that she was not supposed to be with Mr. Browne and had been told to stay away from him. After Mr. Browne and Ms. Gaston were free to go, they proceeded to leave the scene on foot. Defendant pulled up in her vehicle and Mr. Browne and Ms. Gaston got into her car. Mr. Browne in the front seat and Ms. Gaston in the back. An argument

ensued, and Ms. Gaston stated that Defendant stopped the car in the middle of the street for them to get out. Kyle got out first, and Ms. Gaston claimed she could not get out of the car because the door would not open, so Defendant drove off with Ms. Gaston still in the back seat.

Ms. Gaston testified that the back door was not opening, and she started kicking it, attempting to get out. Ms. Gaston stated that she reached into the front seat to try to open the front door and, at that point, Defendant pulled Ms. Gaston down by her hoody while driving and punched her in the face. Ms. Gaston said she started kicking the back door again very hard, and saw a stop sign and cars in front of them slow down. She thought that when Defendant got down to 10 or 15 miles per hour, that she could jump out of the vehicle and into the snow. She was seated on top of Defendant's grandson's car seat at the time. The back door did eventually open and Ms. Gaston noted that Defendant was traveling at around 30 or 35 miles per hour. Ms. Gaston testified that Defendant then reached over and pushed her out of the vehicle. Witnesses came to Ms. Gaston's assistance until police officers and [an] ambulance arrived. Ms. Gaston was transported to Hershey Medical Center, where she was treated for a broken tibia. Specifically, she had two surgeries requiring a plate and screws.

One of the witnesses, Laurie Kawalski, was driving on the opposite side of Defendant's vehicle on the day in question. Ms. Kawalski was almost directly face-to-face with them on the other side of the road and testified that she saw someone in the driver's seat push someone out of the car.

Following several witnesses for the defense who testified as to Defendant's reputation as a peaceful, law-abiding person, Defendant testified on her own behalf. Immediately before her testimony, the jury was taken outside of the courthouse to view Defendant's Honda Element. Defendant confirmed that she did not want Ms. Gaston to date her son.

> She did not believe Ms. Gaston was a good influence, and she would send nasty texts to Defendant. Defendant testified that Ms. Gaston did not get out of the car when her son did, and instead just sat there. Defendant was late for work at this point and told her that she would drop Ms. Gaston off at Wal-Mart on her way to work. Defendant said she began lecturing Ms. Gaston, and Ms. Gaston started cursing at her in response, and told her to let her "the f**k out of the car," and started kicking the door. Defendant told her she would let her out but had to slow down first. Defendant testified that Ms. Gaston came up front between the two seats, opened the front passenger door, then returned to the back and popped the rear door open. Defendant started to slow the car and, by the time Defendant turned around, Ms. Gaston had jumped from the vehicle. Defendant stated that she at no time pushed her, threatened to push her, or wanted to push her. She also testified that even if she wanted to, she could not push someone out of her car.

Trial court opinion, 2/17/16 at 4-6 (citations omitted).

The record further reflects that Browne's jury trial commenced on March 9, 2015. On March 10, 2015, the evidentiary portion of the trial concluded and the jury began deliberations late in the afternoon. The jury returned its verdict on March 11, 2015. With respect to aggravated assault,[1] the jury found Browne guilty of "aggravated assault, 1-A causing serious bodily injury" and not guilty of "aggravated assault Subsection B, Count 1, attempted." (Notes of testimony, 3/11/16 at 13.). The jury also found

---

[1] 18 Pa.C.S.A. § 2702(a)(1).

- 4 -

Browne guilty of simple assault and recklessly endangering another person

("REAP").[2]

During Browne's sentencing hearing on May 29, 2015, the trial court

stated:

> [THE COURT:]  We have a number of things that have occurred in this case.  When a jury gets a case with numerous witnesses and facts to consider, and in this one we even had the view where the vehicle was brought for them to see the vehicle, for them to see the dynamics and the dimensions of the vehicle in considering their verdict.  As I had referenced before in my comments, a jury must try to fit together, if they can, all the pieces that they find to be true and correct and come up with a fair and just verdict.
>
> Over the years I've been here, which have been quite a few on this bench starting in 1994, there are only two cases I would say that I would have -- that would have caused me to, if you will, fall off my chair at the verdict.  Only two. . . .  The second one is this one with the aggravated assault causing serious bodily injury, and I've struggled and struggled and struggled with it, and I think I figured it out.  And I may be wrong.
>
> It wasn't until it hit me of what they found to be not there, what the jury found to be not guilty, that the light bulb went on.  And part of the problem or part of the concern I have is the very standard charge I gave to the jury, because what they convicted of was that serious bodily injury under aggravated assault causing serious bodily injury, they must first find that there was serious bodily injury to [the victim].  And there's no doubt she suffered serious bodily injury.  No doubt about it.  But we said that the Defendant caused it.  But how?  How was it caused?

---

[2] 18 Pa.C.S.A. §§ 3701(a) and 2705, respectively.

> The Commonwealth's fact pattern was that it was done intentionally and knowingly. They had also the catch of recklessly as well which came into play, but the Commonwealth's position factually was that she physically pushed the victim out of the car. I'm not sure that the jury bought that, because I know I didn't. I thought that was impossible to occur. No offense, she's not very tall. I know what it's like to not be very tall. You don't have a long arm span. I couldn't imagine how you could sit in the driver's seat with your feet under the pedals and a left hand to somehow hold the wheel, because you're not going to let go of it while the vehicle is going, even if it's only a small degree of speed . . . .

Notes of testimony, 5/29/15 at 19-21.

Thereafter, the trial court sentenced Browne to 12 months of probation for REAP, found that simple assault merged with aggravated assault, and imposed no further penalty for aggravated assault. (***Id.*** at 28.)

On June 8, 2015, the Commonwealth filed a motion for modification of sentence contending that the sentence did not reflect the verdict. On the same day, Browne filed a post-sentence motion, followed by a supplemental post-sentence motion following receipt of the trial transcript, raising weight and sufficiency claims and moving for a judgment of acquittal on the aggravated assault and simple assault convictions.

On September 28, 2015, the trial court granted, in part, the Commonwealth's motion for modification of sentence and sentenced Browne to 12 months of probation on the simple assault count, to run consecutive to the 12 months of probation imposed on the REAP count. The court also

granted, in part, Browne's post-sentence motion and arrested judgment on the aggravated assault count because "the verdict was against the weight of the evidence." (Order of court, 9/28/15; Docket #20-10.) These timely cross-appeals followed. Both parties complied with the court's order to file a Pa.R.A.P. 1925(b) statement. Thereafter, the trial court filed its Pa.R.A.P. 1925(a) opinion wherein the court acknowledged:

> This Court's order granting in part both the Commonwealth's and [Browne's] post-sentence motions **should** have stated that there was **insufficient evidence** of aggravated assault to sustain the verdict (as opposed to the verdict being against the **weight of the evidence**), as the intended result was to arrest judgment (and not to direct a new trial).

Trial court opinion, 2/17/16 at 3 (emphasis in original). The court then addressed the Commonwealth's challenge to the arrest of judgment on the aggravated assault conviction under the proper sufficiency of the evidence standard.

We will address the Commonwealth's claims first. The Commonwealth raises the following issues:

> A. WHETHER THE TRIAL COURT ERRED IN GRANTING AN ARREST OF JUDGMENT ON COUNT ONE, AGGRAVATED ASSAULT, BASED ON A CLAIM THAT THE JURY'S VERDICT WAS AGAINST THE WEIGHT OF THE EVIDENCE?
>
> B. WHETHER THE TRIAL COURT ABUSED ITS DISCRETION IN DETERMINING THAT THE JURY'S VERDICT WAS AGAINST THE WEIGHT OF THE EVIDENCE AS TO COUNT ONE, AGGRAVATED ASSAULT, WHERE THE

> EVIDENCE ALLOWED THE JURY TO REASONABLY INFER THAT [BROWNE] ACTED RECKLESSLY AND WITH MALICE IN CAUSING SERIOUS BODILY INJURY TO THE VICTIM?

Commonwealth's brief at 5.

At the outset, we note that the Commonwealth takes issue with the trial court stating in its September 28, 2015 order that it arrested judgment on Browne's aggravated assault conviction "because the verdict was against the weight of the evidence." In its Pa.R.A.P. 1925(a) opinion, the trial court corrected that error and set forth its reasoning for arresting judgment under the proper sufficiency of the evidence standard. Courts have inherent power to correct patent and obvious mistakes. *See Commonwealth v. Holmes*, 933 A.2d 57 (Pa. 2007). We will, therefore, determine whether the trial court properly arrested judgment on Browne's aggravated assault conviction on insufficient evidence grounds.

Our standard of review of this claim is as follows:

> When ruling on a motion in arrest of judgment, a trial court is limited to ascertaining the absence or presence of that quantum of evidence necessary to establish the elements of the crime. At this stage in the proceedings, the trial court is limited to rectifying trial errors, and cannot make a redetermination of credibility and weight of the evidence. . . .

> For purposes of appellate review,

> In passing upon such a motion [in arrest of judgment], the sufficiency of the evidence must be evaluated upon the entire trial record. All of the evidence must be read in the light most favorable

to the Commonwealth and it is entitled to all reasonable inferences arising therefrom. The effect of such a motion is to admit all the facts which the Commonwealth's evidence tends to prove.

In order for a trial court to properly grant a criminal defendant's motion in arrest of judgment on the ground of insufficient evidence, it must be determined that accepting all of the evidence and all reasonable inferences therefrom, upon which, if believed the verdict could properly have been based, it would be nonetheless insufficient in law to find beyond a reasonable doubt that the defendant is guilty of the crime charged.

*Commonwealth v. Melechio*, 658 A.2d 1385, 1387 (Pa.Super. 1995)

(citations, quotation marks, brackets, and emphasis omitted).

The standard we apply in reviewing the sufficiency of the evidence is whether viewing all the evidence admitted at trial in the light most favorable to the verdict winner, there is sufficient evidence to enable the fact-finder to find every element of the crime beyond a reasonable doubt. In applying the above test, we may not weigh the evidence and substitute our judgment for the fact-finder. In addition, we note that the facts and circumstances established by the Commonwealth need not preclude every possibility of innocence. Any doubts regarding a defendant's guilt may be resolved by the fact-finder unless the evidence is so weak and inconclusive that as a matter of law no probability of fact may be drawn from the combined circumstances. The Commonwealth may sustain its burden of proof of proving every element of the crime beyond a reasonable doubt by means of wholly circumstantial evidence. Moreover, in applying the above test, the entire record must be evaluated and all the evidence actually received must be considered. Finally, the trier of fact while passing upon the credibility of

> witnesses and the weight of the evidence produced,
> is free to believe all, part or none of the evidence.

*Commonwealth v. Pappas*, 845 A.2d 829, 835-836 (Pa.Super. 2004) (citation omitted).

Under the Crimes Code, a person may be convicted of aggravated assault, a first-degree felony, if he "attempts to cause serious bodily injury to another, or causes such injury intentionally, knowingly, or recklessly under circumstances manifesting extreme indifference to the value of human life." 18 Pa.C.S.A. § 2702(a)(1); *see also Commonwealth v. McClendon*, 874 A.2d 1223, 1229 (Pa.Super. 2005).

Here, the jury convicted Browne of aggravated assault after finding that she caused the victim to sustain serious bodily injury. The trial court arrested judgment because it determined that it was physically impossible for Browne to have pushed the victim out of the Honda Element sport utility vehicle ("SUV"). Where the evidence offered to support the verdict contradicts physical facts, in contravention of human experience and the laws of nature, then the evidence is insufficient as a matter of law. *See Commonwealth v. Santana*, 333 A.2d 876, 878 (Pa. 1975).

The record reflects that 49-year-old Browne is 4 feet 11 inches tall. (Notes of testimony, 3/10/15 at 91.) At the time of the incident, Browne was driving the Honda Element SUV. The record further reflects that the 24-year-old victim stands 5 feet 4 inches tall and weighs 120 pounds. (Notes of testimony, 3/9/15 at 17, 49.) The victim was sitting on the edge

of an infant car seat that was located in the SUV's right rear passenger seat. (*Id.* at 46, 64-66.) As the victim prepared to jump out of the rear passenger door, which was open, she held onto the front passenger head rest with her left hand and pressed her right hand against the rear passenger seat. (*Id.* at 34; 3/10/15 at 133, 134.) During this time, the victim's back faced Browne. (Notes of testimony, 3/10/15 at 133.)

The record further reflects that while Browne steered the vehicle with her left hand and drove approximately 30 to 35 miles per hour, the victim claimed that Browne reached behind the front passenger's seat with her right hand and pushed the victim "beside [her] left shoulder" and out of the vehicle. (Notes of testimony, 3/9/15 at 34, 46.)

The trial court concluded that it was physically impossible for 4 foot 11 inch Browne to have reached behind the passenger's seat of the SUV while driving and push the victim out of the vehicle. In so doing, the trial court specifically found that the verdict was contradicted by physical facts and was, therefore, insufficient as a matter of law. On this basis, we cannot find that the court abused its discretion, and we affirm the arrest of judgment on Browne's aggravated assault conviction.

We now turn to the issue on appeal raised by Browne:

> Whether the trial court committed an error of law in failing to arrest judgment as [to] simple assault because there was insufficient evidence to sustain the verdict[?]

Brown's brief at 5.

A person is guilty of simple assault if she "attempts to cause or intentionally, knowingly or recklessly causes bodily injury to another." 18 Pa.C.S.A. § 2701(a)(1).

Here, the record reflects that during the altercation in the SUV, the victim leaned up into the front seat area of the vehicle. As she did so, the victim testified that Browne "pulled [her] down by [her] hoody" and punched her in the face. (Notes of testimony, 3/9/15 at 32.) That evidence was sufficient to sustain Browne's conviction for simple assault.

Arrest of judgment on the aggravated assault conviction affirmed. Judgment of sentence on the simple assault conviction affirmed.


Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 8/29/2016