J-S29012-19

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellant | |
| v. | |
| TORRAIZE ARMSTRONG, | |
| Appellee | No. 2921 EDA 2018 |

Appeal from the Order Entered September 25, 2018
In the Court of Common Pleas of Delaware County
Criminal Division at No(s): CP-23-CR-0006200-2017

BEFORE: BENDER, P.J.E., LAZARUS, J., and FORD ELLIOTT, P.J.E.

MEMORANDUM BY BENDER, P.J.E.: **FILED AUGUST 05, 2019**

The Commonwealth appeals from the trial court's September 25, 2018 order granting Appellee's (Torraize Armstrong) motion in arrest of judgment on his conviction for accidents involving death or personal injury, 75 Pa.C.S. § 3742(a). After careful review, we affirm.

Appellee was convicted of the above-stated offense, as well as accidents involving death or personal injury while not properly licensed, 75 Pa.C.S. § 3742.1(a), following a jury trial that concluded on June 15, 2018. On September 17, 2018, Appellee filed a motion for extraordinary relief, seeking an arrest of judgment on both convictions. On September 25, 2018, the court entered an order granting Appellee's requested relief regarding his conviction for accidents involving death or personal injury, but denying him relief regarding his conviction for accidents involving death or personal injury while

not properly licensed. The court then sentenced Appellee to a term of 24 to 48 months' incarceration for that offense.

The Commonwealth filed a timely notice of appeal, and it also timely complied with the trial court's order to file a Pa.R.A.P. 1925(b) concise statement of errors complained of on appeal. The court thereafter filed a Rule 1925(a) opinion. Herein, the Commonwealth states one issue for our review:

> [I. Appellee], driving an SUV, knew that he ran someone over and crashed into several other vehicles. [Appellee] provided his name and address, but after a police officer asked for his registration and proof of insurance, he left the accident scene. Was the evidence sufficient to convict [Appellee] under the "hit and run" statute (accidents involving death or personal injury)?

Commonwealth's Brief at 2 (unnecessary capitalization omitted).

Our standard of review of the Commonwealth's claim is as follows:

> When ruling on a motion in arrest of judgment, a trial court is limited to ascertaining "the absence or presence of that quantum of evidence necessary to establish the elements of the crime." At this stage in the proceedings, the trial court is limited to rectifying trial errors, and cannot make a redetermination of credibility and weight of the evidence….
>
> For purposes of appellate review,
>
>> "[i]n passing upon such a motion [in arrest of judgment], the sufficiency of the evidence must be evaluated upon the *entire trial record.* All of the evidence must be read in the light most favorable to the Commonwealth and it is entitled to all reasonable inferences arising therefrom. The effect of such a motion is to admit all the facts which the Commonwealth's evidence tends to prove."
>
> In order for a trial court to properly grant a criminal defendant's motion in arrest of judgment on the ground of insufficient evidence, "it must be determined that accepting all of the evidence and all reasonable inferences therefrom, upon which, if believed [the verdict could properly have been based], it would be

nonetheless insufficient in law to find beyond a reasonable doubt that the [defendant] is guilty of the crime charged."

***Commonwealth v. Marquez***, 980 A.2d 145, 147-48 (Pa. Super. 2009) (*en banc*) (quoting ***Commonwealth v. Melechio****,* 658 A.2d 1385, 1387 (Pa. Super. 1995) (citations omitted; emphasis in original)).

In the case *sub judice*, we have reviewed the briefs of the parties, the certified record, and the applicable law. We have also considered the well-reasoned opinion authored by the Honorable James P. Bradley of the Court of Common Pleas of Delaware County. We conclude that Judge Bradley's decision accurately disposes of the Commonwealth's issue, and demonstrates that the court did not err in granting Appellee's request for an arrest of judgment for his conviction of accidents involving death or personal injury. **See** Trial Court Opinion, 11/26/18, at 2-10. Accordingly, we adopt Judge Bradley's rationale as our own, and affirm the order from which the Commonwealth appeals.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 8/5/19

- 3 -