J-S54016-20

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

COMMONWEALTH OF PENNSYLVANIA : IN THE SUPERIOR COURT OF
: PENNSYLVANIA
:
v. :
:
:
:
STANLEY T. ZARNOCH :
:
Appellant : No. 105 MDA 2020

Appeal from the Judgment of Sentence Entered August 12, 2019
In the Court of Common Pleas of Luzerne County Criminal Division at
No(s): CP-40-CR-0003494-2018

BEFORE: NICHOLS, J., McLAUGHLIN, J., and MUSMANNO, J.

MEMORANDUM BY McLAUGHLIN, J.: **FILED APRIL 09, 2021**

Stanley T. Zarnoch appeals from the judgment of sentence entered following his conviction for Theft by Unlawful Taking.[1] He challenges the sufficiency and weight of the evidence. We affirm.

The facts giving rise to Zarnoch's conviction are as follows. Arthur Owen, Jr., testified that he worked for the Franklin Township Road Department. **See** N.T., Trial, 6/27/19, at 35, 36. His duties were to "maintain the township roads[.]" **Id.** at 36. He testified that one day "2A modified stones" were delivered to the Franklin Township Municipal Building. **Id.** He described them as "a mixture of small crushed stone and an aggregate that binds together to fill potholes or . . . used to grade the surface of the roadways." **Id.** at 37. The township pays for the stone, once delivered the stone belongs to the township,

_____

[1] 18 Pa.C.S.A. § 3921(a).

and it does not allow anyone to remove the stone. *Id.* Owen testified that he noticed stones were missing from the pile, so he went to check the surveillance cameras on the property. *Id.* at 38. On the video, he observed Zarnoch using a skid steer "going into the stone." *Id.* at 38, 39. He described a skid steer as "a small front end loader. . . [i]t's a piece of construction equipment." *Id.* He testified that Zarnoch took three trips with the skid steer in the process of removing the stone, taking a bucketful each time. *Id.* at 43. He estimated the value of the stone taken to be approximately $50. *Id.* Owen also testified that at the preliminary hearing he testified that the value of the stone was "$40-$50" but after rounding off concluded that it was "about $50 worth of material." *Id.* at 44. Owen testified that Zarnoch did not have permission to remove the stone. *Id.* at 37-38.

Trooper Jacob M. Burgess testified that he worked for the Pennsylvania State Police and while on duty responded to a call at the Franklin Township Municipal Building. *Id.* at 75, 76. Once he arrived at the building, he spoke with Owen and viewed the surveillance video. *Id.* at 76, 77. He testified that Zarnoch was identified as the individual removing the stone. *Id.* at 77. He testified that after receiving this information, he drove to Zarnoch's residence but was not able to speak with him. *Id.* at 78. While leaving Zarnoch's residence, Trooper Burgess observed a skid steer in Zarnoch's garage that matched that of the one in the surveillance video. *Id.* at 78-79. Trooper Burgess testified that he was present at the preliminary hearing for the case, where Zarnoch said that "he was the individual that was in the video taking

the stone, and throughout the proceeding at the preliminary hearing [Zarnoch] again stated at several times that he was the one that took the stone[.]" ***Id.*** at 80, 81.

Zarnoch proceeded to a jury trial – the trial court allowed him to represent himself at trial, following a waiver of counsel colloquy – and the jury found him guilty of the above-referenced offense as a misdemeanor of the second degree. The trial court sentenced Zarnoch to 12 months' probation and restitution in the amount of $50, on August 12, 2019. Zarnoch retained counsel and on August 22, 2019, he filed a post-sentence motion challenging his sentence and the sufficiency and weight of evidence. ***See*** Motion for Post-Sentence Relief, filed 8/22/19, at ¶ 14, ¶ 26-30, and ¶ 36-37.

The trial court denied the motion and this appeal followed. In its Pa.R.A.P. 1925(a) opinion the trial court concluded that Zarnoch's notice of appeal was untimely. The court said that it denied Zarnoch's post-sentence motion on December 10, 2019, but Zarnoch filed his notice of appeal on January 10, 2020, a day after the 30-day deadline. ***See*** 1925(a) Op., filed 6/1/20, at 4.

Zarnoch raises the following issues:

1. Did [Zarnoch] file a timely notice of appeal of the trial court's denial of [Zarnoch's] post[-]sentence motion such that this Court has jurisdiction over the instant appeal?

2. Did the trial court commit an abuse of discretion and/or reversible error by failing to grant [Zarnoch's] post-sentence motion seeking a judgment of acquittal/directed verdict and arrest of judgment?

- 3 -

Zarnoch's Br. at 3-4 (suggested answers and unnecessary capitalization omitted).

Zarnoch first maintains that his appeal is timely. In a criminal case, where the defendant filed a timely post-sentence motion, the appeal is due within 30 days of the "entry of the order deciding the motion." **See** Pa.R.Crim.P. 720(A)(2)(a). Post-sentence motions must be filed - barring circumstances not present here – within 10 days of the imposition of sentence in open court. Pa.R.Crim.P. 720(A)(1). The "entry" of an order in a criminal case occurs on the day the clerk of courts mails or delivers copies of the order to the parties. **See** Pa.R.A.P. 108(d)(1). Entry of an order in criminal cases entails noting on the docket "(a) the date of receipt in the clerk's office of the order or court notice; (b) the date appearing on the order or court notice; and (c) the date of service of the order or court notice." Pa.R.Crim.P. 114(C)(2).

Here, Zarnoch's post-sentence motion was timely because he filed it within 10 days of the imposition of sentence, and all steps to complete proper entry of the order denying his post-sentence motion took place on or before December 11, 2019. Although the order denying the post-sentence motion was dated December 10, 2019, and the clerk noted it on the docket on that date, the docket also shows that "eService" occurred on December 11, 2019. Zarnoch's appeal deadline therefore was January 10, 2020, inclusive. Because he filed his notice of appeal on that day, the appeal was timely.

Next, Zarnoch argues that the trial court erred in denying his motion for judgment of acquittal. He maintains that the evidence was insufficient because

- 4 -

the Commonwealth failed to prove that the value of the stone was at least $50. Zarnoch's Br. at 11. He also argues that the evidence showed that he intended to repair the road with what was taken and therefore the Commonwealth failed to prove that he intended to deprive the owner of the use of the stone. *Id.* at 11-12.

A motion for judgment of acquittal challenges the sufficiency of the evidence and should be granted "only in cases in which the Commonwealth has failed to carry its burden regarding that charge." ***Commonwealth v. Foster***, 33 A.3d 632, 635 (Pa.Super. 2011) (citation omitted). Our scope of review is limited to considering the evidence of record, and all reasonable inferences arising therefrom, viewed in the light most favorable to the Commonwealth as the verdict winner. ***Commonwealth v. Rushing***, 99 A.3d 416, 420–21 (Pa. 2014). Our standard of review is *de novo*. ***Id.***

Evidence is sufficient for a charge of theft by unlawful taking where the Commonwealth proves that the defendant unlawfully took, or exercised unlawful control over, movable property of another with intent to deprive the other thereof. 18 Pa.C.S.A. § 3921(a). For grading purposes, the Commonwealth was also required to prove that the value of the item was "$50 or more but less than $200[.]" 18 Pa.C.S.A. § 3903(b)(1).

Viewing the evidence in the light most favorable to the Commonwealth, Zarnoch removed three buckets of stone from the Franklin Township Municipal Building, did not have permission to remove that stone, and the value of the stone was $50. Though Zarnoch claims that there was evidence that he

intended to use the stone to repair a road, this is a misreading of the record. Zarnoch's claim that he intended to use the stone for repairs was his own statement during closing argument. *See* N.T., Trial, at 108. Pursuant to our standard of review, we cannot take that statement as true, and even if we were to credit his statement, his justification did not preclude the jury from finding him guilty. As to the value of the stone, Owen testified that the amount of the stone was about $50. That was enough to support the jury's finding of value. Although Owen acknowledged that he testified to a different amount at the preliminary hearing, it was up to the jury to decide the credibility of this testimony. *Commonwealth v. Houser*, 18 A.3d 1128, 1136 (Pa. 2011). The trial court did not err in denying this claim.

Zarnoch also claims that the trial court erred in denying his motion to arrest judgment. Such an argument again challenges the sufficiency of the evidence. *See Commonwealth v. Marquez*, 980 A.2d 145, 148 (Pa.Super. 2009) ("For purposes of appellate review, '[i]n passing upon such a motion [in arrest of judgment], the sufficiency of the evidence must be evaluated upon the entire trial record.'") (quoting *Commonwealth v. Melechio*, 658 A.2d 1385, 1387 (Pa.Super. 1995) (emphasis omitted)). Having concluded that the evidence was sufficient, we conclude that this claim is meritless.

Next, Zarnoch argues that the trial court erred in denying his post-sentence motion because his challenge to the weight of the evidence had merit. He claims the "Commonwealth presented conflicting evidence wherein it was admitted at times that the value of the stone that [Zarnoch] allegedly

- 6 -

[stole] was less than $50.00 and no Commonwealth witness testified that the value of the stone was worth at least $50.00." Zarnoch's Br. at 15.

We review the trial court's rejection of a weight challenge for an abuse of discretion. *Commonwealth v. Clay*, 64 A.3d 1049, 1055 (Pa. 2013) (citation omitted). "[A] new trial based on a weight of the evidence claim is only warranted where the jury's verdict is so contrary to the evidence that it shocks one's sense of justice." *Houser*, 18 A.3d at 1136.

We discern no abuse of discretion by the trial court. A mere conflict in the testimony does not necessarily render a verdict against the weight of the evidence, and on this record, we perceive no abuse of discretion. Therefore, we affirm the judgment of sentence.

Judgment of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 04/09/2021