J-S48002-24

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| MARQUISE K. GINN | : | |
| | : | |
| Appellant | : | No. 301 EDA 2024 |

Appeal from the Judgment of Sentence Entered January 12, 2024
In the Court of Common Pleas of Philadelphia County
Criminal Division at No: CP-51-CR-0001784-2022

BEFORE: STABILE, J., NICHOLS, J., and BENDER, P.J.E.

MEMORANDUM BY STABILE, J.: **FILED APRIL 10, 2025**

Appellant, Marquise K. Ginn, seeks review of the judgment of sentence entered by the Court of Common Pleas of Philadelphia County (trial court). Following a jury trial, Appellant was found guilty of third-degree murder (18 Pa.C.S.A. § 2502(c)), and possession of an instrument of crime (18 Pa.C.S.A. § 907) (PIC). He was then sentenced to a prison term of 20 to 40 years on the murder count, followed by one year of probation, and a consecutive term of 2.5 to 5 years on the PIC count. In this appeal, Appellant contends that the evidence of guilt was legally insufficient; the verdict was against the weight of the evidence; the sentence was manifestly excessive and imposed by the trial court without regard for mitigating factors; and evidence of "target sheets" was erroneously admitted at trial. We affirm.

This case began on the evening of September 4, 2021. That night, Appellant and his pregnant girlfriend, Essance Allen, got into an argument

while eating dinner at a restaurant. After their meal, the couple went to Appellant's home in Philadelphia. At the time, Appellant lived with his mother, Tawanna Ginn.

The next morning, Appellant and Allen started arguing again soon after waking up. Allen became upset, and after speaking with Ginn, and Ginn's boyfriend (Lynwood Wilford), Allen called her friend, Cassandra Holland (the victim in this case), to pick her up.

The victim and her daughter then drove to Appellant's house. The victim was in the driver's seat and her daughter sat in the front passenger's seat. The victim and Appellant began arguing soon after she arrived at Appellant's house. While they argued, Allen entered the victim's car, sitting in the back passenger's seat. The victim then drove away, continuing to argue with Appellant.

However, the victim drove for only a block or so before putting her vehicle in reverse and then driving backward to Appellant's house. Her vehicle came to a stop in front of the house adjacent to Appellant's home. Appellant and the victim resumed arguing, and the confrontation escalated when the victim and her daughter exited the vehicle while armed with baseball bats.

The victim had taken only a step or two, from the driver's seat to the back bumper of her car, when, from about 15 to 20 feet away, Appellant stood up on his porch, drew a firearm, and opened fire in the victim's direction. The victim dropped to the ground after the first two shots were fired.

Nevertheless, as his mother and Wilford tried to restrain him, Appellant walked down from his porch toward the victim, continuing to discharge his weapon.

In all, Appellant shot eight rounds at the victim, striking her seven times. She sustained gunshot wounds in her face, chest, and back. Two of the bullets entered the victim's back. Emergency responders transported her to a nearby hospital, where she succumbed to her injuries shortly after arrival.

Appellant was arrested about 100 miles away from his home, when he was pulled over for a traffic violation. He was later charged with several offenses stemming from the shooting, including first-degree murder, third-degree murder, voluntary manslaughter, and PIC. At the jury trial, the Commonwealth presented the testimony of eyewitnesses to the encounter between Appellant and the victim, establishing the above facts. Appellant's theory of innocence was that he shot the victim in self-defense, believing that the use of lethal force was necessary to protect himself from an imminent attack by the victim and her daughter.

Of significance to this appeal, the Commonwealth presented the testimony of a crime scene unit investigator who had taken photographs of the inside of Appellant's home. Two of those photographs showed "target sheets," or shooting targets, affixed to the door of an upstairs bedroom and a bedroom wall, both of which were riddled with bullet holes. The shooting target in the bedroom had handwritten notes in the top left corner, making warnings such as, "Think twice this could be your face," and "I'll kill you if you

rob my house!!!"  Only Appellant and his mother lived in the home, and the target sheets were presumed to belong to Appellant.

Defense counsel objected to the admission of the photos on the ground that they were irrelevant and highly prejudicial.  The Commonwealth countered that the photos were relevant to prove Appellant's specific intent to kill, which is a necessary element of first-degree murder.  The trial court overruled defense counsel's objection, and the shooting targets were admitted into evidence.

The jury found Appellant not guilty of first-degree murder and voluntary manslaughter, but guilty of third-degree murder and PIC.  A presentence investigation report (PSI report) was prepared; as was a mental health report.  The trial court sentenced Appellant as outlined above in an amended sentencing order entered on January 12, 2024.[1]  Appellant filed a post-sentence motion, contending that the third-degree murder conviction was against the weight of the evidence; that the trial court abused its discretion in imposing the maximum sentence possible and in failing to consider mitigating evidence; and that the trial court failed to adequately state on the record why consecutive sentences on the two counts were proper despite Appellant's prior

_____

[1] The original sentencing order was entered on October 13, 2023.  There were two differences in the orders. First, on the PIC count, the maximum term was reduced in the amended order from six to five years.  Second, on the third-degree murder count, a one-year period of probation was made consecutive to the 20 to 40 year prison term.

record score of zero. The post sentence motion was denied, and Appellant timely appealed.

The trial court directed Appellant to file a 1925(b) statement of issues, and Appellant complied. In his 1925(b) statement, Appellant asserted that the verdict on the murder count was against the weight of the evidence, and that the evidence was insufficient to sustain the verdict on that count. As to both his weight and sufficiency challenges, Appellant stated that the Commonwealth's witnesses were not credible, and that the physical evidence did not establish that Appellant acted with the requisite intent commit third-degree murder. As to the sentence, Appellant stated that the trial court erred in failing to state on the record "the reasons for an aggravated sentence in this case of 22 ½ to 45 years, by failing to sentence on weighing factors on a qualitative and quantitative basis." 1925(b) Statement, 7/8/2024, at paras. 1-2. The trial court then entered an opinion comporting with Pa.R.A.P. 1925(a), giving the reasons why the judgment of sentence should be upheld. *See* Trial Court 1925(a) Opinion, 7/18/2024, at 3-10.

In his brief, Appellant now raises the following issues for our consideration:

> 1. Did the trial [court] err as a matter of law by allowing a verdict of third-degree murder to stand which was against the weight and sufficiency of evidence?
>
> 2. Did the trial [court]abuse his discretion by imposing a manifestly excessive sentence, when both sentences were consecutive and the trial judge failed to adequately consider any

mitigation in the sentencing hearing including family support and letters, job history, no prior record, and his remorse.

3. Did the trial [court] abuse his discretion by allowing the Commonwealth (over defense counsel's objection) to admit evidence of photos depicting a bedroom with target sheets, in violation of Pennsylvania Rule of Evidence 404(b), or in the alternative the photos should still have been excluded because the prejudice introduced by those photos outweighed their probative value?

Appellant's Brief, at 9 (suggested answers omitted).

Appellant's first claim is that the verdict on the third-degree murder count was against the weight of the evidence because it was proven that Appellant shot the victim in self-defense, and not out of malice. *See* Appellant's Brief, at 15-16.

When a post-sentence motion for a new trial has been filed, the role of the trial court is to "determine that 'notwithstanding all the facts, certain facts are so clearly of greater weight that to ignore them or given them equal weight with all the facts is to deny justice.'" *Commonwealth v. Clay*, 64 A.3d 1049, 1055 (Pa. 2013) (quoting *Commonwealth v. Widmer*, 744 A.2d 745, 752 (Pa. 2000)). "[A] new trial should be awarded when the jury's verdict is so contrary to the evidence as to shock one's sense of justice and the award of a new trial is imperative so that right may be given another opportunity to prevail." *Id*. (quoting *Commonwealth v. Brown*, 648 A.2d 1177, 1189 (Pa. 1994)).

On review of a trial court's denial of a weight of the evidence claim, an appellate court must consider not "the underlying question of whether the

- 6 -

verdict is against the weight of the evidence," but rather whether the trial court abused its discretion. *Id*. (quoting *Widmer*, 744 A.2d at 753). "One of the least assailable reasons for granting or denying a new trial is the lower court's conviction that the verdict was or was not against the weight of the evidence and that a new trial should be granted in the interest of justice." *Id*. (quoting *Widmer*, 744 A.2d at 753)). An abuse of discretion in this context means "where the course pursued [by the trial court] represents not merely an error in judgment, but where the judgment is manifestly unreasonable or where the law is not applied or where the record shows the action is a result of partiality, prejudice, bias or ill-will." *Id*. (quoting *Widmer*, 744 A.2d at 753).

Here, the trial court found that the verdict was not against the weight of the evidence, and we discern no basis on which that ruling should be disturbed. The evidence presented at trial established that the victim had approached Appellant holding a baseball bat from about 15 to 20 feet away. Appellant then shot her seven times, with some of those rounds being discharged at close range, and into her back, while she was already incapacitated. The central issue before the jury was whether, or to what extent, Appellant had justifiably acted in self-defense. The jury evidently rejected Appellant's defense after hearing the evidence. We find no indication in the record that the trial court abused its discretion in denying the weight of evidence claim in Appellant's post-sentence motion.

Appellant's next claim is that the evidence of third-degree murder was legally insufficient. As with his weight of the evidence claim, Appellant argues that the Commonwealth failed to prove beyond a reasonable doubt that he shot the victim with the requisite intent, or "malice," necessary to sustain the conviction. **See** Appellant's Brief, at 16-17.

Evidence is sufficient to sustain a conviction if it establishes each element of the charged crime beyond a reasonable doubt. **See Commonwealth v. Fisher**, 47 A.3d 155, 157 (Pa. Super. 2012). The Commonwealth may carry its burden of proof with wholly circumstantial evidence. **See Commonwealth v. Storey**, 167 A.3d 750, 757 (Pa. Super. 2017).

When considering a sufficiency of the evidence claim, the reviewing court must construe the evidence in the light most favorable to the Commonwealth as the verdict winner, with all reasonable inferences drawn in that party's favor. **See Fisher**, 47 A.3d at 157. The Commonwealth's evidence of guilt need not preclude every possibility of innocence. **See Storey**, 167 A.3d at 757. The fact-finder is free to believe all, part, or none of the evidence. **See Commonwealth v. Frein**, 206 A.3d 1049, 1063 (Pa. 2019). A reviewing court does not "reweigh the evidence and substitute its judgment for that of the fact-finder." **Commonwealth v. Mitchell**, 902 A.2d 430, 449 (Pa. 2006).

Third-degree murder encompasses all forms of murder that do not constitute an intentional killing or a killing committed during the commission

of a felony. *See* 18 Pa.C.S. § 2505(c); *see also Commonwealth v. MacArthur*, 629 A.2d 166, 167 (Pa. Super. 1993). The intent element of third-degree murder is that the defendant acted with "malice" during the commission of the killing. *See Commonwealth v. Jones*, 271 A.3d 452, 458 (Pa. Super. 2021). "Malice includes not only particular ill[-]will toward the victim, but also wickedness of disposition, hardness of heart, wantonness, and cruelty, recklessness of consequences, and conscious disregard by the defendant of an unjustified and extremely high risk that his actions may cause serious bodily harm." *Id.* The use of a deadly weapon upon a vital part of the victim's body may allow the factfinder to infer that the defendant acted with malice. *See Commonwealth v. Lee*, 626 A.2d 1238, 1241 (Pa. Super. 1993).

A killing may be justified where the defendant "reasonably believed he was in imminent danger of death or serious bodily injury and that it was necessary to use deadly force against the victim to prevent such harm." *Commonwealth v. Sepulveda*, 55 A.3de 1108, 1124-25 (Pa. 2012). This defense may only apply where the defendant did not provoke the difficulty which culminated in the killing, and the defendant did not violate a duty to retreat. *See id*.; *see also* 18 Pa.C.S.A. § 505.

"A defense of 'imperfect self-defense' exists where the defendant actually, but unreasonably, believed that deadly force was necessary." *Commonwealth v. Truong*, 36 A.3d 592, 599 (Pa. Super. 2012); 18 Pa.C.S.A. § 2503(b). The Commonwealth may disprove a theory of self-

- 9 -

defense by establishing that the defendant "used more force than reasonably necessary to protect against death or serious bodily injury." ***Commonwealth v. Smith***, 97 A.3d 782, 788 (Pa. Super. 2014).

Here, the jury found that Appellant killed the victim with malice, necessarily rejecting Appellant's justification for the shooting. Appellant opened fire on the victim when she was 15 to 20 feet away, and while Appellant was sitting on the porch of his home. The victim was incapacitated after the first two shots, and Appellant continued shooting as he stepped off of his porch and walked toward her. The victim was shot seven times, sustaining fatal injuries to her face, chest, back, arm, and finger. The victim was shot multiple times at close range in her back, as she was laying on the ground.

Appellant asserted that he was acting in self-defense and that the victim's approach with a baseball bat gave him reason to think his life was in danger. This raised an issue of credibility for the jury to resolve in light of the surrounding circumstances of the incident. The jury ultimately found that Appellant acted with malice, and the evidence would support the conclusion that Appellant used more force than was necessary to protect himself. Thus, the evidence of Appellant's criminal intent was legally sufficient, and he is not entitled to relief on his sufficiency claim.

With respect to his sentence, Appellant claims that the trial court abused its discretion by imposing consecutive terms, and by ignoring mitigating evidence, such as his prior record score of zero; consistent employment

- 10 -

history; support from friends and family members; and remorse. *See* Appellant's Brief, at 17-19. As Appellant's claim involves a challenge to the discretionary aspects of his sentence, he was required to preserve the claim for appellate review by complying with the requirements of Pa.R.A.P. 2119(f).

A defendant "is not entitled to the review of challenges to the discretionary aspects of [his] sentence as of right." *Commonwealth v. Samuel*, 102 A.3d 1001, 1006 (Pa. Super. 2014). Under Pa.R.A.P. 2119(f), the party challenging a discretionary aspect of a sentence must invoke this Court's authority to review the claim by including in the brief a section setting forth "a concise statement of the reasons relied upon for allowance of appeal with respect to the discretionary aspects of a sentence." Pa.R.A.P. 2119(f). Where the appellant fails to include this section, and the Commonwealth objects to that deficiency, the sentencing claim is waived. *See Commonwealth v. Foster*, 960 A.2d 160, 163 (Pa. Super. 2008).[2]

Here, Appellant has failed to include in his brief a separate section that comports with Pa.R.A.P. 2119(f), and the Commonwealth has objected to the

---

[2] In addition, the appellant has the burden of satisfying a four-part test to invoke this Court's jurisdiction to review the discretionary aspects of a sentence. *Commonwealth v. Moury*, 992 A.2d 162, 170 (Pa. Super. 2010). The appellant must timely file a notice of appeal, preserve the issue at sentence, submit a brief that comports with Pa.R.A.P. 2119, and establish that there is a "substantial question that the sentence appealed from is not appropriate under the Sentencing Code." *Id*. A substantial question may be found where a colorable argument has been advanced that the "sentence imposed is either inconsistent with a specific provision of the Sentencing Code or is contrary to the fundamental norms which underlie the sentencing process." *Commonwealth v. Mastromarino*, 2 A.3d 581, 585-86 (Pa. Super. 2010).

omission of the required statement. The sentencing issues raised in Appellant's brief are therefore waived.

Even if the claims were not waived, their lack of substantive merit would preclude Appellant from obtaining relief. A sentence will not be disturbed on appeal absent a manifest abuse of discretion by the sentencing court. *Commonwealth v. Pollard*, 832 A.2d 517, 525 (Pa. Super. 2003). An abuse of discretion is not merely an error in judgment; rather, it exists only where the record reflects "that the judgment exercised was manifestly unreasonable, or the result of partiality, bias[,] or ill-will." *Id.*

In fashioning an individualized sentence, courts are directed to consider "the protection of the public, the gravity of the offense as it relates to the impact on the life of the victim and on the community, and the rehabilitative needs of the defendant." 42 Pa.C.S.A. § 9721(b). Weighing these factors is within the province of the sentencing court, and an appellate court cannot substitute its own judgment in weighing those factors. *See Commonwealth v. Walls*, 926 A.2d 957, 966 (Pa. 2007).

The trial court is afforded "discretion to impose its sentence concurrently or consecutively to other sentences being imposed[.]" *Commonwealth v. Gonzalez-Dejusus*, 994 A.2d 595, 598 (Pa. Super. 2010) (quoting "42 Pa.C.S.A. § 9721). A defendant is not entitled to a "volume discount" because he committed crimes in quick succession. *See Commonwealth v. Zirkle*, 107 A.3d 127, 134 (Pa. Super. 2014) (quoting *Commonwealth v. Johnson*, 96 A.2d 877, 880 (Pa. Super. 2008)).

In the present case, the evidence established that Appellant shot and killed the victim on a residential street. The shooting occurred in view of the victim's daughter and close family friend. The circumstances of the shooting did not suggest that Appellant was in any immediate danger, or that the use of lethal force was necessary to protect himself. The victim was shot in the back multiple times at close range, after she had already been incapacitated. On these facts, we cannot find that the trial court abused its discretion in imposing sentences on the two subject counts consecutively.

Appellant's claim that the trial court failed to consider mitigating factors is equally meritless. "When imposing sentence, a court is required to consider the particular circumstances of the offense and the character of the defendant." *Commonwealth v. Griffin*, 804 A.2d 1, 10 (Pa. Super. 2002). Where a PSI report has been produced, as there was in the present case, this Court will presume that the sentencing court knew of it and appropriately weighed "all relevant information" about the defendant's character, in addition to "statutory mitigating factors." *Commonwealth v. Pollard*, 832 A.2d 517, 526 (Pa. Super. 2003); *see also Commonwealth v. Moury*, 992 A.2d 162, 171 (Pa. Super. 2010) (same). A sentence that falls within the standard range guidelines will be viewed as appropriate under the Sentencing Code. *See Moury*, 992 A.2d at 171.

At the sentencing in the instant case, the trial court explicitly stated on the record that it had read and considered the PSI report, as well as a mental health report. *See* N.T. Sentencing, 10/13/2022, at 34-37. Appellant does

not cite to portions of the record that would rebut the presumption that the trial court appropriately weighed and considered all relevant sentencing factors.

To the extent that Appellant argues specifically that the trial court failed to consider his "remorse," when imposing sentence, the claim is refuted by the record. *See* Appellant's Brief, at 18-19. It is true that the trial court noted Appellant's lack of remorse when imposing the sentence, and that during his allocution, Appellant ostensibly apologized to the victim's family and took responsibility for his actions.

However, Appellant also stressed in his allocution that the incident took place in a different manner than the evidence suggested, and that he wished the shooting had been recorded. *See* N.T. Sentencing, 10/13/2023, at 31-34. This was consistent with the contents of the mental health report, in which it was documented that Appellant had felt significant stress due to being convicted "for something that didn't happen. *Id*., at 27.

The showing of remorse was clearly qualified by Appellant's reservations about whether the evidence had proven his guilt as to the murder offense. In that context, it was not inaccurate for the trial court to mention Appellant's lack of remorse as a sentencing factor. A court, in its discretion may consider a defendant's "display of remorse, defiance, or indifference" when imposing a sentence. ***Commonwealth v. Riggs***, 63 A.3d 780, 786 (Pa. Super. 2012) (quoting ***Commonwealth v. Andrews***, 720 A.2d 764, 768 (Pa. Super. 1998)). Thus, the record reflects that the trial court properly considered all

relevant sentencing factors, and that it did not abuse its discretion at sentencing. Thus, Appellant's challenge to the discretionary aspects of the sentence has no merit.

Appellant's final claim is that the trial court abused its discretion by admitting into evidence photographs of shooting targets police found in his home. *See* Appellant's Brief, at 19-21. This claim was not included in Appellant's 1925(b) statement of errors complained of on appeal, and the trial court did not address the issue in its 1925(a) opinion. Accordingly, the issue of the photos' admission at trial was not preserved for purposes of appellate review, and the claim was waived, precluding our consideration of the claim's merits. *See* Pa.R.A.P. 1925(b)(4)(vii) ("Issues not included in the Statement and/or not raised in accordance with the provisions of this paragraph (b)(4) are waived."); *Commonwealth v. Baker*, 24 A.3d 1006, 1034, 35 (Pa. Super. 2011). Thus, the order on review must be upheld.

Judgment of sentence affirmed.

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary

Date: 4/10/2025

- 15 -